UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony Joseph GARGOTTO, Defendant-Appellant.

No. 74–1041.

United States Court of Appeals, Sixth Circuit.

Nov. 19, 1974.

Certiorari Denied May 27, 1975.

See 95 S.Ct. 1990.

Frank E. Haddad, Jr., Louisville, Ky., for defendant-appellant.

George J. Long, U. S. Atty., James H. Barr, Louisville, Ky., for plaintiff-appellee.

Before PECK, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court, entered following an evidentiary hearing held pursuant to a remand of the case by this court. United States v. Gargotto, 476 F.2d 1009 (1973).

Gargotto was convicted in district court of fifteen counts of filing false monthly wagering returns. He appealed that conviction to this court, claiming, *inter alia*, that the warrantless search of his building and the seizure of papers and documents therefrom following a fire, violated his Fourth Amendment rights. In that appeal, all issues raised by Gargotto were resolved against him, except the validity of the search as it was extended to the drawers of certain cabinets and desks, and the subsequent seizure of their contents. United States v. Gargotto, *supra*. This court was of the opinion that there was insufficient evidence on the record to determine whether the warrantless search was justified by the exigent circumstances exception to the Fourth Amendment warrant requirement, Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The case was therefore remanded to the district court for an evidentiary hearing to determine:

"(1) whether the exigencies of the situation were such at the time the search was extended to the drawers of the desks and cabinets to justify such search, and seizure of the contents, without a warrant, and, if no such justification is found,

(2) whether the papers found in plain view can be identified and segregated from those that were removed from drawers." United States v. Gargotto, *supra*, 476 F.2d at 1014–1015.

In remanding the case, this court stated that "[t]he results of the hearing will determine whether or not a new trial is required."

Upon remand, a hearing was held, following which an order was entered, accompanied by findings of fact, in which it was determined that the requisite exigent circumstances were present to justify the warrantless search. Gargotto appeals from that order. We affirm.

Because the facts were fully set forth in the earlier appeal, we recite them only briefly here. A fire occurred in a building owned by Gargotto, and arson was suspected. Two officers, one a captain of the Arson Squad and one a detective on the police force, came upon the scene and entered the building. The fire was under control, but firefighters were still present in substantial numbers and were working to prevent further outbreak of

the fire. The officers viewed certain papers and documents on the floor in plain view and seized them, suspecting that they might provide evidence of motive in the arson. The papers appeared to be gambling documents. The officers thereupon continued their search to areas not in plain view, drawers of cabinets and desks, in which they found and removed more papers. The papers were taken to police headquarters. That afternoon a suspect was apprehended and charged with the arson, and the papers were no longer needed in that investigation. They were, however turned over to federal agents who examined them, conducted an investigation, and eventually charged appellant with the offenses of which he was convicted in this case.

In this appeal, we are not concerned with the seizure of documents in plain view, nor the release of documents to federal agents. Nor are we faced with the question of whether there existed probable cause to search for the seized evidence at the premises. These questions were resolved by the earlier appeal. We are here concerned only with whether the officers were faced with such circumstances, amounting to an emergency, which made the seeking and obtaining of a warrant unfeasible, and hence unnecessary.

■ The district judge, as directed by this court, made findings in this regard. His findings must be accepted by this court unless they are clearly erroneous. See Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946).[1] Appellant claims that certain of the trial judge's findings were clearly erroneous and that his conclusion was therefore improper and should be reversed. We disagree. The material facts as found by the trial judge are supported by the evidence and are not clearly erroneous. We conclude on those findings, that exigent circumstances were present and the search and seizure were justified. *Coolidge, supra.*

■ The court found that at the time of the search, firemen were in the process of chopping walls, hosing the area with water and discarding flammable materials. The court determined that there would be a real danger of water damage and possible loss or destruction of the desired evidence were the officers to take the time to obtain a warrant. These findings are not clearly erroneous. In our view, they are sufficient to justify the warrantless search and seizure. We reject appellant's claim that the captain could have ordered firemen to maintain the status quo while they sought a warrant, in light of his expert testimony that the actions of the firemen were necessary to prevent further outbreak of the fire. We do not believe that the Fourth Amendment requires that good firefighting techniques necessary for the protection of person and property must be sacrificed in order that the premises of the fire may be searched for evidence relating to arson, where probable cause exists. The exceptions to the Fourth Amendment warrant requirements attempt to strike a balance between the competing needs of society, and we agree with the trial court that the government succeeded in showing here that the balance was struck in favor of a warrantless search.

■ While appellant contends that the trial court erred in finding that the firemen were in the process of "actively extinguishing the flames," and erred in finding that the officers believed that the papers might have provided evidence of how the fire started, we conclude that these findings, even if erroneous, do not

1. In that case the Supreme Court upheld a finding that a search had been consented to, holding that the finding was not erroneous. The courts have consistently applied a clearly erroneous test to factual findings of district courts in criminal cases. See Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963) [factual finding under Jencks Act]; United States v. Page, 302 F.2d 81 (9th Cir. 1962); Jackson v. United States, 122 U.S.App.D.C. 324, 353 F.2d 862 (1965), and United States v. Hoffa, 349 F.2d 20, 48 (6th Cir. 1965). This same standard of review obtains in civil cases by court rule, F.R. Civ.P. 52(a).

compel reversal. The crucial issue was whether the situation as a whole was such that an emergency existed. Any finding with regard to the intended use of the papers goes to probable cause, previously held to exist by this court, and is hence irrelevant. Moreover, in our judgment an emergency existed with respect to the preservation of the needed evidence, regardless of whether the flames were still live or had been extinguished, in light of the fact that active and necessary firefighting procedures continued to take place which could reasonably have been found to threaten destruction of the evidence. If the trial judge's finding that flames were still present was erroneous, we conclude that it was not a necessary finding to the determination of the issue remanded by this court, and hence, was harmless. Federal Rules of Crim.Procedure, rule 52. See also, J. P. Gibbins, Inc. v. Utah Home Fire Insurance Co., 202 F.2d 469 (10th Cir. 1953). In view of the concurring threat of water damage and loss due to the discarding of flammable materials, it is irrelevant whether there was in addition a threat of destruction due to fire itself. It is sufficient if facts material to a finding of exigent circumstances are found by the trial court and are supported by the evidence. We conclude that such was the case here, and that the conclusion of the district judge was correct.

In light of the fact that exigent circumstances were found, the trial judge was not required by the order of remand to decide the contingent question of whether the documents could be segregated, and he did not do so. Likewise, we need not reach it here, since we conclude that the seizure of all documents involved was valid.

■ Appellant also attempts, through his brief, to re-raise issues previously decided by this court in United States v. Gargotto, *supra*. No petition for rehearing was filed with this court following the judgment entered on April 24, 1973. In the absence of such a petition, those issues cannot be re-considered. Federal Rules of Appellate Procedure, rule 40.

This appeal is from an order of the district court directed to a single issue. Our review here must be limited to the errors assigned with respect to the order appealed from.

Affirmed.