**UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,**

**v.**

**Carla JABARA and John T. McClain, Defendants-Appellants, Cross-Appellees.**

**Nos. 79–5225, 79–5248.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 21, 1980.

Decided March 16, 1981.

Gail S. Benson and Steven F. Fishman, Detroit, Mich., for defendants-appellants, cross-appellees.

James K. Robinson, U. S. Atty., David L. Maurer, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee, cross-respondent.

Before MARTIN, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and DUNCAN, Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

On August 10, 1978, Carla Jabara and John T. McClain were indicted by a federal grand jury in the Eastern District of Michigan. The indictment charged them with conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and

* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.

846, and with three counts of interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952 (the "Travel Act").

These same defendants had previously been indicted in April of 1978, by a federal grand jury in the Central District of California. That ten-count indictment charged them and five others with conspiring to violate and violating 21 U.S.C. §§ 841(a)(1) and 846. In December, 1978, Jabara and McClain were convicted of the charges in the California indictment and were subsequently sentenced.

Prior to trial in the present case, the defendants moved to dismiss the entire indictment on double jeopardy grounds. They claimed that the Michigan indictment was based upon the same conspiracy which led to their California convictions. In the event of a refusal by the court to dismiss the Travel Act charges on double jeopardy grounds, defendants also moved the court to compel the government to elect one of those three counts and to dismiss the other two as multiplicitous.

The District Court granted the motion to dismiss with respect to the conspiracy charge alone. It found that "under the totality of the circumstances," the government had failed to prove by a preponderance of the evidence that the California and Michigan indictments alleged separate conspiracies. As to the Travel Act counts, the motion to dismiss was denied, on the ground that those charges did not merge into the conspiracy conviction.

The court did, however, grant defendants' motion to compel the government to elect a single Travel Act count. This ruling was based on the theory that the Travel Act's purpose is to penalize a course of criminal conduct furthered by acts of interstate travel. According to the District Court, the acts of travel themselves merely confer federal jurisdiction; they do not represent units of prosecution.

Defendants appeal the District Court's refusal to dismiss the Travel Act charges on double jeopardy grounds. The government cross-appeals both the dismissal of the conspiracy charge and the order compelling election of a single Travel Act count.

In its decision to dismiss the conspiracy charge on double jeopardy grounds, the District Court issued three rulings. The government contests only one of those rulings here.

First, the court held that once the defendants advanced a non-frivolous claim of double jeopardy, the burden shifted to the government to show, by a preponderance of the evidence, that the conspiracies alleged in the two indictments were in fact separate. Although the government makes no contrary assertion on appeal, we deem it advisable to clarify our position on this issue in the wake of the Supreme Court's decision in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *Abney* held that the denial of a motion to dismiss an indictment on double jeopardy grounds is immediately appealable. As a consequence, in order to make an appropriate record to test a double jeopardy claim, there must be a pretrial proceeding with rules about going forward with proof, the burden of persuasion, and the weight of the evidence.[1] *United States v. Inmon*, 568 F.2d 326, 329 (3rd Cir. 1977), *aff'd on rehearing*, 594 F.2d 352 (1979).

In two post-*Abney* cases, the Third and Fifth Circuits noted that the government has superior access to the proof it intends to offer at trial. Accordingly, they found it appropriate for a trial court, confronted with a non-frivolous double jeopardy claim, to shift to the government the burden of proving by a preponderance of the evidence that it is not seeking to prosecute the same offense a second time. *United States v. Inmon, supra*, at 332; *United States v. Stricklin*, 591 F.2d 1112, 1118 (5th

1. Prior to the Abney decision, the denial of a double jeopardy claim was tested on appeal after the second trial. The burden was placed on the defendant-appellant to prove by a preponderance of the evidence that he was prose-

cuted twice for the same offense. *United States v. Mayes*, 512 F.2d 637, 652 (6th Cir.), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975).

Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979). We adopt, as did the District Court, the conclusion of those cases.

▮ Second, the District Court determined that the test to be applied in deciding a double jeopardy motion to dismiss is the "totality of the circumstances" test set forth in *United States v. Tercero*, 580 F.2d 312 (8th Cir. 1978). In that case, the Eighth Circuit noted that the traditional "same evidence" test is inadequate in criminal conspiracy cases. Unlike the "totality of the circumstances" standard, a "same evidence" test fails to protect against multiple prosecutions for the same conspiracy where different indictments allege different overt acts. *Id.* at 315. Once again, we agree with the District Court.

▮ The District Court's third ruling is the subject of the government's appeal on the double jeopardy issue. The trial judge found that the government did not prove by a preponderance of the evidence that two conspiracies existed. The critical question on appeal is what is the appropriate standard of review to be applied to this finding of fact. The government argues that because there was no oral testimony below, we have before us the same "cold" record upon which the trial court based its decision. It concludes that we should therefore review the record *de novo* to determine whether the government proved that two conspiracies existed. We disagree.

In civil cases, Rule 52(a) of the Federal Rules of Civil Procedure provides that an appellate court must not set aside findings of fact of the District Court unless those findings are clearly erroneous. This standard applies notwithstanding the fact that the appellate record may consist entirely of documentary evidence. *United States Steel Corporation v. Fuhrman*, 407 F.2d 1143 (6th Cir. 1969), *cert. denied*, 398 U.S. 958, 90 S.Ct. 2162, 26 L.Ed. 542 (1970); *Gartrell v. United States*, 619 F.2d 1150 (6th Cir. 1980).

The corresponding rule in criminal cases, Rule 23(c), Federal Rules of Criminal Procedure, does not specify a standard of appellate review. However, the "clearly erroneous" test has consistently been applied to

findings of fact in criminal as well as civil proceedings, particularly where the findings relate to matters other than the ultimate judgment of guilt. *See Campbell v. United States*, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); *Jackson v. United States*, 122 U.S.App.D.C. 324, 353 F.2d 862 (1965); *United States v. Gargotto*, 510 F.2d 409 (6th Cir. 1974), *cert. denied*, 421 U.S. 987, 95 S.Ct. 1990, 44 L.Ed.2d 477 (1975); *United States v. McCaleb*, 552 F.2d 717 (6th Cir. 1977).

We hold that findings of fact in criminal cases are subject to the clearly erroneous standard of review even when those findings are based solely on documentary evidence. The "clearly erroneous" test does not derive solely from the trial judge's superior opportunity to assess the credibility of witnesses; it also reflects and preserves the proper relationship between trial courts and courts of appeal. *See Lundgren v. Freeman*, 307 F.2d 104 (9th Cir. 1962).

▮ Findings of fact are "clearly erroneous" only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1958); *Johnson v. United States*, 600 F.2d 1218, 1222 (6th Cir. 1979). In this case, many of the overt acts mentioned in the indictment occurred in Los Angeles, where the conspiracy of which the defendants have already been convicted was headquartered. In addition, there is a substantial overlap in the time periods allegedly covered by the "two" conspiracies. In light of these and other facts in the record, we cannot characterize the trial court's determination that the government failed to sustain its burden of proof as "clearly erroneous."

▮ In its other claim on appeal, the government argues that the trial court erred in compelling the prosecution to elect among the three Travel Act counts. We agree. We are not convinced that the acts alleged in the indictment are purely jurisdictional. On the contrary, "Under the Travel Act, each act of interstate travel and each use of an interstate facility constitutes a punishable offense. *United States v. Pol-*

*izzi,* 500 F.2d 856, 898 (9th Cir. 1974)." *United States v. Alsobrook,* 620 F.2d 139, 142 (6th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 124, 66 L.Ed.2d 51 (1980).

Finally, defendants argue that the District Court erred in refusing to dismiss all three Travel Act counts on double jeopardy grounds. They do not contend on appeal that the Travel Act counts merge into the conspiracy conviction. Rather, they argue that prosecution for the Travel Act violations alleged here would result in their being prosecuted twice for the same course of conduct, and urge us to dismiss those counts pursuant to our supervisory power. In light of our holding in *Alsobrook, supra,* that each Travel Act violation may provide a separate unit of prosecution, defendants' argument must fail.

In conclusion, we affirm the District Court's dismissal of the conspiracy count on double jeopardy grounds, reverse its order compelling election of a single Travel Act count, and affirm the denial of defendants' motion to dismiss the Travel Act counts.