Donald BROWN, Petitioner,

v.

Dale FOLTZ, Respondent.

Civ. A. No. 83–CV–2079–DT.

United States District Court,
E.D. Michigan, S.D.

April 12, 1984.

Carl Ziemba, Detroit, Mich., for petitioner.

Sherwin Vine, Asst. Atty. Gen., John D. O'Hair, Pros. Atty. by Andrea L. Solak, Asst. Pros. Atty., Detroit, Mich., for respondent.

## OPINION

GILMORE, District Judge.

This is a habeas corpus petition under 28 U.S.C. § 2254. Petitioner raises five grounds for relief,[1] but only one has merit—his claim that he was subjected to double jeopardy, contrary to the Fifth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment.[2] The Court finds that

the petitioner was subjected to double jeopardy, contrary to the Fifth Amendment, and therefore grants his writ of habeas corpus.

On March 19, 1975, at about 2:55 a.m., petitioner, using a knife, robbed a Mr. Stallworth of $10 in cash, a $40 check, and his Mastercharge Card in Detroit. Later the same day, at about 8:00 p.m., petitioner went to a clothing store in Southfield, Michigan, and presented the Mastercharge Card in an attempt to buy a suit. The salesperson became suspicious and called the police. The Southfield Police came and arrested petitioner. It should be noted that the credit card was not used for any purchase, since the sale at the store was not consumated.

Petitioner was arrested by the Southfield Police and charged in a complaint issued on March 19, 1975 in Michigan's 46th District Court with "Knowingly Secreting a Credit Card," in violation of M.C.L.A. § 750.157n.[3]

After the issuance of the complaint relating to the credit card on March 19, 1975 in the 46th District Court, petitioner was charged with robbery armed in Detroit Recorder's Court.[4] An examination on the robbery armed charge was held on March 31, 1975 in Recorder's Court, and petitioner was bound over for trial. A pretrial conference was held on April 7, 1975, and the matter was set for trial in Recorder's Court for May 29, 1975. This trial was adjourned after defendant claimed that the attorney who was to represent him at trial had first appeared that morning and there was inadequate time for preparation. It is clear

1. Petitioner claims double jeopardy; prosecutorial reference to the failure of defendant to testify; improper refusal of the trial court to admit certain evidence; denial of the Sixth Amendment right to effective assistance of counsel because of a failure to file an alibi notice, and general ineffective assistance of counsel. All claims have been exhausted in state courts.

2. The Fifth Amendment of the United States Constitution provides in pertinent part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

3. M.C.L.A. § 750.157n provides: "Any person who steals, knowingly takes or knowingly removes a credit card from the person or possession of a cardholder, or who knowingly retains or knowingly secretes a credit card without the consent of the cardholder, shall be guilty of a felony."

4. Detroit Recorder's Court is the court which tries felonies committed within the City of Detroit, located in Wayne County. The 46th District Court is located in Oakland County and has jurisdiction over misdemeanors, and binds felonies over to Oakland County Circuit Court.

from the transcript of the proceedings in Recorder's Court on May 29, 1975 that the Recorder's Court Judge was aware of the Southfield charge since he inquired about the date of trial there and was informed that it would probably be the 4th of June. After a long colloquy, the Recorder's Court Judge agreed to adjourn petitioner's trial until June 26. The trial was not held on June 26, but eventually defendant was tried in Recorder's Court, after the proceedings were concluded in the 46th District Court, and on September 4, 1975 was found guilty of robbery armed, contrary to M.C.L.A. § 750.529 [5] and sentenced to life imprisonment.

In the meantime, on August 27, 1975, prior to his conviction in Detroit Recorder's Court, petitioner appeared in the 46th District Court and offered a plea of nolo contendere to an added count of simple larceny under M.C.L.A. § 750.356.[6] He was sentenced by the District Court to time served (90 days). The following significant colloquy took place at the time of the plea of guilty on August 27, 1975:

Mr. Quarles (Prosecutor): May it please the court, today is the day and date set for preliminary examination on a charge of Obtaining a Credit Card without the Consent of the Card Holder.

Your Honor, I would move at this time to add a second count to the complaint and warrant, to wit, Simple Larceny.

It's my understanding, your honor, the defendant will offer a plea of nolo contendere to the second count. It is being added over the objection of the complaining witness in this matter.

I have discussed this matter with Mr. Pasman (defendant's counsel) and this is the agreement that we have worked out. The Court: And do you have an amount? Mr. Quarles: $40.00, your Honor.

Prior to petitioner's plea of nolo contendere and its acceptance by the district judge, no new complaint or information was drafted. The only factual basis for the plea appears to be a statement by the prosecutor in response to the judge when the district judge asked petitioner what he was pleading to. When asked by the district judge: "Are you pleading to simple larceny, under $100.00, namely $40.00?", the petitioner replied affirmatively on the record, and the court accepted petitioner's plea of nolo contendere.

At a evidentiary hearing before this Court, Mr. Quarles testified that the $40 figure was just a figure that he had taken out of the air. He said it had no relation whatever to the fact that a $40 check was one of the items taken in the robbery. He said he pulled the $40 figure out of the air because the district judge always required a figure in a simple larceny case, to be sure that the amount is less than the $100 limit on simple larceny. After the plea and sentencing for simple larceny, the petitioner was transferred to the City of Detroit, and tried and convicted of robbery armed.

The basic issue in the case is whether the petitioner was subjected to double jeopardy by being tried and convicted of robbery armed after he had pled nolo contendere to simple larceny arising out of the same transaction, namely the robbery of March 19, 1975. It is clear there would have been no double jeopardy problem if the petitioner had been convicted of both falsely using

---

**5.** M.C.L.A. § 750.529 provides in pertinent part: "Any person who shall assault another, and shall feloniously rob, steal or take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably to believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state Prison for life, or for any term of years...."

**6.** M.C.L.A. § 750.356 provides in pertinent part: "Any person who shall commit the offense of larceny, by stealing, of the property of another, any money, goods or chattels..., if the property stolen exceed the value of $100.00, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $2,500.00. If the property stolen shall be of the value of $100.00 or less, such person shall be guilty of a misdemeanor."

a credit card and armed robbery, for they are separate offenses. But simple larceny is a lesser included offense of armed robbery, and an armed robbery cannot be complete without a larceny. For the reasons set forth below, the Court finds that the constitutional prohibition against double jeopardy bars a conviction for the lesser-included and the greater offense. Petitioner was subjected to double jeopardy, and his release must be ordered.

## I

■ An initial problem is that petitioner failed to raise a double jeopardy objection at his trial in Detroit Recorder's Court. Ordinarily the Court would be precluded by the contemporaneous objection rule from considering the double jeopardy claim. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). However, the Michigan Court of Appeals went ahead and considered petitioner's double jeopardy claim on appeal. When state appellate courts go ahead and reach the merits of an issue despite state procedural bars, such as a contemporaneous objection rule, *Wainwright* does not bar habeas review of the issue. *See Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir., *cert. denied* 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979), and *Hockenbury v. Sowders*, 620 F.2d 111 (6th Cir.1980), *cert. denied* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981). In the latter case, the court stated:

> Petitioner is correct in his assertion that *Wainwright* does not preclude federal review of claims in habeas corpus proceedings when, in spite of the petitioner's failure to object to the matter at trial, the state courts reach the merits of petitioner's claim instead of denying direct review of the claim on procedural grounds....

*Id.* at 115.

The Michigan Court of Appeals clearly reached the merits of the double jeopardy claim, and therefore *Wainwright* does not prevent this court from considering the claim.

## II

■ Another preliminary matter relates to the burden of proof to establish a double jeopardy claim. In the Sixth Circuit on direct appeals, once a defendant has advanced a non-frivolous claim of double jeopardy, the burden shifts to the government to show by a preponderance of the evidence that the offenses of which the defendant was charged were separate. *U.S. v. Jabara*, 644 F.2d 574 (6th Cir.1981).

> First, the [trial] court held that once the defendants advanced a non-frivolous claim of double jeopardy, the burden shifted to the government to show, by a preponderance of the evidence, that the conspiracies alleged in the two indictments were in fact separate. Although the government makes no contrary assertion on appeal, we deem it advisable to clarify our position on this issue in the wake of the Supreme Court's decision in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *Abney* held that the denial of a motion to dismiss an indictment on double jeopardy grounds is immediately appealable. As a consequence, in order to make an appropriate record to test a double jeopardy claim, there must be a pretrial proceeding with rules about going forward with proof, the burden of persuasion, and the weight of the evidence...
>
> In two post-*Abney* cases, the Third and Fifth Circuits noted that the government has superior access to the proof it intends to offer at trial. Accordingly they found it appropriate for a trial court, confronted with a non-frivolous double jeopardy claim, to shift to the government the burden of proving by a preponderance of the evidence that it is not seeking to prosecute the same offense for a second time... We adopt, as did the District Court, the conclusion of those cases.

*Id.* 576–77.

It is true that *Jabara* was a case in which double jeopardy was raised at trial, but it appears to this Court there is no reason to hold differently in a habeas case.

Here the plaintiff has established a non-frivolous claim of violation of double jeopardy, and this Court holds that the burden is on the state to show that the prosecution for robbery armed did not result in double jeopardy for the petitioner. The state, in oral argument, did not dispute that it bore the burden of proof.

The Court holds that it has not met this burden.

### III

The next preliminary question is whether this Court is barred under *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), and *Sumner v. Mata II,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982), from considering this habeas corpus petition.

In affirming petitioner's conviction, the Michigan Court of Appeals held: "The charge in Oakland County [46th District Court] was factually and legally distinct from the charge in Detroit." The Court of Appeals evidently based this conclusion on its view that petitioner was charged in the 46th District Court with a credit card offense, a separate offense, and concluded: "Defendant's remedy is not to attempt to invalidate the armed robbery conviction, but to attempt to invalidate the simple larceny conviction." Michigan Court of Appeals slip opinion at 3 (October 11, 1982).

This Court concludes that under *Sumner v. Mata,* it is not precluded from reviewing this determination. The language of *Haggins v. Warden, Fort Pillow State Farm,* 715 F.2d 1050, 1055 (6th Cir.1983), covers this issue. There the court said in pertinent part:

> We must next determine the effect of the state appellate court's ruling that these statements were inadmissible hearsay and violated petitioner's right to confrontation. Under 28 U.S.C. § 2254(d), federal courts, in habeas proceedings, must accord a presumption of correctness to state court findings of fact. *Lavallee v. Delle Rose,* 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). This presumption of correctness is applicable whether the

findings of fact are made by a state trial court or a state appellate court. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

> The statutory presumption of correctness only applies to state court findings of "basic, primary, or historical fact." *Townsend v. Sain,* 372 U.S. 293, 309 n. 6, 83 S.Ct. 745, 755 n. 6, 9 L.Ed.2d 770, 783 n. 6 (1963); it does not apply to mixed questions of law and fact. In *Sumner v. Mata II,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982), the Court explicitly stated that "the ultimate question as to the constitutionality of the pretrial identification procedures used in this case is a mixed question of law and fact that is not governed by § 2254." *Id.* at 597, 102 S.Ct. at 1307....

> Thus, although the state court's rendition of the underlying facts in this case is entitled to a presumption of correctness, the questions before us—whether the admission of the child's statements violated the confrontation clause and whether their admission was harmless error beyond a reasonable doubt—are determinations of law, subject to collateral review by the federal courts.

■ This language is applicable here. Here the court deals with the question of whether certain undisputed facts constitute double jeopardy. There is no pure determination of fact entitled to deference under *Townsend v. Sain, supra.* There is at least a mixed question of law and fact, and therefore the determination of the Michigan Court of Appeals is subject to a collateral review by this court.

### IV

■ The basic issue in this case is whether petitioner was subjected to double jeopardy by his trial and conviction for armed robbery. The constitutional prohibition encompasses three guarantees: 1) protection against a second prosecution for the same offense after acquittal; 2) protection against a second prosecution for the same offense after conviction; and 3) protection

against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In this case, we are concerned with the second guarantee-protection against a second prosecution for the same offense after conviction. The leading case on second prosecutions for the same offense is *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). There the Court held that where the same act or transaction constituted a violation of two distinct statutory provisions, the test for determining whether there were two offenses or only one for the purposes of the double jeopardy clause of the Fifth Amendment was whether each provision required proof of a fact which the other did not. Brown applies the *Blockburger* test. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

In *Brown*, the Court pointed out:

This conclusion merely restates what has been this court's understanding of the double jeopardy clause at least since *In re Nielsen* was decided in 1889. In that case the court endorsed the rule that "where ... a person has been tried and convicted for a crime which has various incidence included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence." 131 U.S. [176] at 188, 33 L.Ed. 118, 9 S.Ct. 672 [at 676].

*Id.* 432 U.S. at 168, 97 S.Ct. at 2227.

*Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228, (1980), reaffirmed in general the *Brown* holding, although it said that the court is not to look at the two statutes in the abstract in comparing them, but is to look at the relevant facts the state will seek to prove. In *Vitale*, a defendant was convicted of driving too fast, and later prosecuted for negligent homicide. Because the negligent homicide statute contained driving too fast as an element, the Illinois Supreme Court found double jeopardy. The United States Supreme Court remanded, finding that the negligent homicide statute allowed for convictions on

things other than driving too fast, i.e. not paying attention, etc., and thus held it would have to wait until after Vitale's trial to see what the state relied upon to convict him for manslaughter. *Vitale* does not change the holding in *Brown*, except that in the instant case it requires a close examination of facts relied upon by the state for the simple larceny plea.

The Court pointed out:

If, as a matter of Illinois law, a careless failure to slow is always the necessary element of manslaughter by automobile, then the two offenses are the "same" under *Blockburger* and Vitale's trial on the latter charge would constitute double jeopardy under *Brown v. Ohio*. In any event, it may be that to sustain its manslaughter case the State may find it necessary to prove a failure to slow or to rely on conduct necessarily involving such failure; it may concede as much prior to trial. *In that case, because Vitale has already been convicted for conduct that is a necessary element for the more serious crime for which he has been charged, his claim of double jeopardy would be substantial under Brown, and our later decision in Harris v. Oklahoma*, 433 U.S. 682, 53 L.Ed.2d 1054, 97 S.Ct. 2912 (1977). (emphasis added)

In *Harris*, we held ... that a defendant's conviction for felony murder based on a killing in the course of an armed robbery barred a subsequent prosecution against the same defendant for the robbery .... we treated a killing in the course of a robbery as itself a separate statutory offense and the robbery as a species of lesser-included offense .... We held the subsequent robbery prosecution barred under the Double Jeopardy Clause since under *In re Nielsen* (citations) (1889), a person who has been convicted of a crime having several elements included in it may not subsequently be tried for a lesser included offense—an offense consisting solely of one or more of the elements of the crime for which he has already been convicted. Under *Brown*, the re-

verse is also true; a conviction on a lesser included offense bars subsequent trial on the greater offense.

*Id.* at 419–21, 100 S.Ct. at 2266–68.

■ It thus becomes clear that, under the tests of *Brown, Vitale* and other cases cited, petitioner has been subjected to double jeopardy because, as a matter of Michigan law, it is always necessary to show larceny from the person robbed in order to prove robbery. Plaintiff pled nolo contendere to simple larceny and later was convicted of armed robbery. Clearly simple larceny is a part of armed robbery, and both convictions arose out of the same transaction. Thus petitioner was placed in jeopardy twice.

The Court is not convinced by the argument of the state that the plea in the 46th District Court merely related to the credit card instance. This simply is not so. The petitioner did not plead guilty to a credit card charge, but rather nolo contendere to simple larceny, a necessary element of robbery armed. Simple larceny is not a lesser-included offense to the credit card charge.

Furthermore, there was a reference by both the prosecutor and the petitioner to $40 in the simple larceny plea. Petitioner had stolen a $40 check from the victim in the armed robbery, and although the Assistant Prosecutor testified at the evidentiary hearing in this Court that the $40 was a figure just drawn out of the air, there is too great a coincidence in the amounts to overlook the fact that the plea was to $40. This merely buttresses the determination of this Court that petitioner was subjected to double jeopardy.

As well, it must be noted that petitioner had already appeared at pre-trial hearings in the Detroit Recorder's Court case, and a trial date had been set. These circumstances support petitioner's perception that he was pleading to the robbery armed charge in Southfield, and place an even greater burden on the prosecution to exercise care in its plea bargaining under these circumstances.

By entering a plea of nolo contendere to simple larceny in the 46th District Court,

the defendant was placed in jeopardy for any larceny arising out of the robbery of the complaining witness in the armed robbery case. This being so, he was subjected to double jeopardy when he was prosecuted and convicted of robbery armed.

For these reasons, the writ of habeas corpus will be granted. Petitioner will be ordered discharged.