770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JUDITH D. JENKINS, ADMINISTRATIX, ETC., PLAINTIFF-APPELLANT,
v.
ARTHUR C. TAYLOR, ET AL., DEFENDANT-APPELLEES.
 NO. 84-3414
 United States Court of Appeals, Sixth Circuit.
 7/1/85
 
 N.D.Ohio
 AFFIRMED
 On Appeal from the United States District Court for The Northern District Of Ohio, Eastern Division
 BEFORE: MERRITT and WELLFORD, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM:
 
 
 1
 This appeal involves a claim for damages sought in a wrongful death action by the widow of a Postal employee shot and killed by a U.S. Postal Security Officer, allegedly in self-defense, after her husband had shot his group leader. Following a bench trial in this Federal Tort Claims action, District Judge George W. White issued his Findings of Fact and Conclusions of Law from the Bench, and entered judgment in favor of the United States.
 
 
 2
 Appellant raises three assignments of error. First, he contends that the District Court erred in granting appellee's motion in limine, excluding the evidence of the poor working relationship between appellant's decedent and his supervisor; second, appellant contends that the District Court erred in finding that the security guard who shot her husband acted in self-defense; and, third, appellant contends that the District Court erred in not applying the analysis set forth in Ohio's comparative negligence statute. We conclude that none of appellant's assignments of error is well-taken, and consequently affirm the judgment of the trial court.
 
 
 3
 This case arises out of a double homicide which occurred in front of a Postal Service Building at Cleveland, Ohio. The record reveals that appellant's decedent, Ted Jenkins, had a poor working relationship with his group leader, Clarence Loving, and apparently had endured Loving's harassment for a time. After work one day, appellant's decedent shot Loving three times. Following the shooting, appellant's decedent was shot and killed by a security guard employed by the U.S. Postal Service. It is the second shooting that is the basis for the Federal Tort Claims action.
 
 
 4
 We find no merit in appellant's contention that the Court erred in granting appellee's motion in limine. First, appellant filed no opposition to the motion in limine, nor does she allege, or does the record reflect, that she made an offer of proof of the evidence that would be admitted absent the Court's Order granting the motion in limine. Finally, the Court actually permitted some of the testimony, which theoretically was barred by its ruling on the motion in limine. We find no error affecting a substantial right of appellant in the District Court's ruling on this evidentiary issue. See Calhoun v. Honda Motor Company, Ltd., 738 F.2d 126, 133 (6th Cir. 1984).
 
 
 5
 Furthermore, we find unpersuasive appellant's contention that the District Court erred in finding that the security officer acted in self-defense. Several witnesses testified that his actions were clearly in self-defense, as did the officer himself. Additionally, an expert witness testified that appellant's husband's arm was raised when he was shot. Furthermore, according to the security guard, appellant's husband was holding the gun when he was shot. Combination of this testimony supports the security guard's contention that he acted in self-defense, or justifiably in the protection of others at the scene. Appellant, in challenging the factual determination of the trial court, invokes a clearly erroneous standard of review. See United States v. Jabara, 644 F.2d 574, 577 (6th Cir. 1981). The Jabara standard suggests that reversal under the clearly erroneous standard is appropriate when the Court is left with the 'definite and firm conviction that a mistake has been committed.' Id, quoting United States v. United States Gypsum Co., 333 U.S. 364 (1958). A clearly erroneous standard is also prescribed by Rule 52(a), Fed.R.Civ.P., and a reviewing court must give due regard to the trial court's opportunity to judge the demeanor and credibility of witnesses. Id. Upon review of the record, we conclude that the District Judge's finding that the security guard acted in self-defense is not clearly erroneous.
 
 
 6
 Finally, we conclude that Ohio's comparative negligence statute is not applicable in this situation where the trial court properly determined that the security guard acted in self-defense.
 
 
 7
 For the foregoing reasons, the decision of District Judge George W. White is hereby affirmed.
 
 
 
 *
 Honorable S. Arthur Spiegel, District Judge, United States District Court for the Southern District of Ohio, sitting by designation