803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA Defendant-Appellant
v.
MICHAEL A. MESSAM, Plaintiff-appellee.
 No. 85-5429.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1986.
 
 Before LIVELY, Chief Judge, and WELLFORD and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Micael A. Messam was convicted of (1) conspiracy to import or wilfully cause to be imported into the United States a Schedule I controlled substance; (2) conspiracy to unlawfully possess with intent to distribute a Schedule I controlled substance; (3) importing or causing to be imported into the United States a Schedule I controlled substance; and (4) possession of a Schedule I controlled substance with intent to distribute.
 
 
 2
 On appeal Messam claims that he was convicted on the basis of inadmissible evidence, that he should have received a directed verdict on the basis of insufficiency of the evidence, and that he should have been granted a new trial on the basis of newly discovered evidence. We find none of these claims persuasive.
 
 
 3
 * The case against Messam began when customs officials in New Jersey intercepted two packages, each weighing approximately fifteen pounds, containing approximately $70,000 worth of marijuana. One package was addressed to Messam at his residence at Fort Knox, Kentucky, and the other was addressed to Messam's wife, Toni, at the duty station to which she was assigned as an enlisted person in the Army. A controlled delivery of the packages was arranged.
 
 
 4
 On January 25, 1985, Mr. Messam and his young child were at home while Toni was at work. Messam was recovering from foot surgery, and he was using crutches. As Army CID agents, who had a search warrant, watched from across the street, a mail carrier delivered the package of marijuana addressed to Messam. The label stated that the package contained spices, and the return address contained the name "Smith" and Messam's step-father's address in Jamaica.
 
 
 5
 Messam took the package upstairs and placed it, unopened, in a spare bedroom. Later in the day the CID agents saw Toni arrive home, lift a package from the trunk of her car, and walk into the house. The agents, who were not in uniform, started across the street toward the house. When they were midway across the street, Toni opened the front door and saw them. The agents testified that she had a surprised look on her face and that she then slammed the door shut. As the officers ran toward the house she slammed the door several more times, as if having trouble locking it. When the agents reached the door, it was locked. One agent ran to the rear of the building. Although the agents had a key to the front door, another officer began kicking at that door. The key was ultimately produced, but the agents could not get it to operate the lock and they kicked the door open. One of the agents ran through the house to the rear door and found Toni outside with her package of marijuana. The agent who had originally gone to the rear of the house from outside testified that he had apprehended her as she attempted to flee through the backyard. He stated that she was running toward the storage shed and did not stop when he shouted for her to do so until he finally shouted, "MP, stop or I will fire!"
 
 
 6
 The agents testified that they found, in addition to the packages of marijuana, a set of weighing scales and a large number of small plastic bags with zip-lock tops.
 
 
 7
 Toni Messam was indicted along with her husband, and both pleaded not guilty. The case against toni was later dismissed because the military authorities expressed a desire to court-martial her.
 
 
 8
 At Messam's trial the prosecution's position was that Messam had conspired to import the marijuana with a friend, Wayne Anthony Smith, who had spent time in Jamaica. Smith was claimed to have used the address of Messam's step-father, whose last name was also Smith, as the return address on the packages. An acquaintance of Messam's, Delroy Miller, testified that he had purchased marijuana from Messam previously and that the marijuana had been packaged in small zip-lock plastic bags of the kind found in Messam's home. Miller also testified that his roommate had received a similar package of marijuana from Jamaica and that he took the package to the Messams to divide.
 
 
 9
 Messam denied knowledge of the contents of the packages and denied knowledge that any package was to be sent to him. Messam moved for acquittal, and the court denied the motion. A jury convicted him on all four counts. Prior to sentencing Messam moved for a new trial on the basis of newly discovered evidence in the form of testimony by Messam's friend, Smith, that he had sent the packages of marijuana from Jamaica and that Messam knew nothing of the packages or their contents. That motion was also denied.
 
 II
 
 10
 Messam challenges the admissibility of evidence obtained in his home on the ground that the agents entered the house in violation of 18 U.S.C. Sec. 3109 (1982). That statute provides that an officer may forcibly enter a home "to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance . . . ." (Emphasis supplied).
 
 
 11
 Exceptions to the requirements of this statutory provision have been developed in recognition of the "practicalities and exigencies of police administration." United States v. Kane, 637 F.2d 974, 977 (3d Cir. 1981). In Sabbath v. United States, 391 U.S. 585, 591, note 8 (1968), the Supreme Court expressed approval of the following exceptions:
 
 
 12
 "(1) where the persons within already know of the officers' authority and purpose, or (2) where the officers are justified in the belief that persons within are in imminent peril of bodily harm, or (3) where those within, made aware of the presence of someone outside (because, for example, there has been a knock at the door) are then engaged in activity which justifies the officers in the belief that an escape or the destruction of evidence is being attempted."
 
 
 13
 Ker v. California, 374 U.S. 23, 47 (1963) (Brennan, J., dissenting). Another recognized "exigent circumstance" is where the police officers reasonably believe that an announcement of their authority and purpose might place them in physical peril. United States v. Kane, 637 F.2d at 978.
 
 
 14
 A district court's determination of whether exigent circumstances exist which justify an otherwise unlawful entrance into someone's home is reviewed under the clearly erroneous standard. See United States v. Gargotto, 510 F.2d 409, 411 (6th Cir. 1974), cert. denied, 421 U.S. 987 (1975).
 
 
 15
 In the case at bar the district court found exigent circumstances excusing compliance with the statute, and we do not find that decision to be clearly erroneous. Toni had just entered the home with the package of marijuana addressed to her, reopened the door, looked surprised at the sight of the agents, and quickly and repeatedly slammed the door. The agents could reasonably have believed that Toni knew who they were and why they had come. further, the attempts to lock the door could reasonably have been considered an indication that toni was attempting to destroy or secrete evidence or attempting to escape.
 
 III
 
 16
 Viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982), the district court correctly denied Messam's motion for a directed verdict of acquittal.
 
 
 17
 In order to convict a defendant of importation of marijuana, the United States must prove "(1) that the substance was imported; (2) that it was imported knowingly and willfully; and (3) that the defendant willfully associated himself with the importation venture." United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). Messam argues that the United States failed to prove that he knowingly and willfully associated himself with the importation of the marijuana. The evidence, however, is sufficient for a reasonable trier of fact to conclude that he did precisely that.
 
 
 18
 It is undisputed that Messam carried an unopened package labeled "spices" upstairs to his spare bedroom, even though the package weighed fifteen pounds, Messam was using crutches, and people do not ordinarily cook with spices in their spare bedrooms. Although Messam claimed that he merely wanted to keep the package out of reach of his child, he placed it on the floor in front of the closet - a location arguably less child-proof than a kitchen cupboard. It is reasonable to suppose, moreover, that an innocent recipient of an unexpected package would open it. Messam never did so. In addition, there was evidence of Messam's past experience with packages of marijuana sent from Jamaica and of his use of zip-lock plastic bags for packaging the marijuana for sale.
 
 IV
 
 19
 finally, we find no reversible error in the denial of Messam's motion for a new trial on the basis of newly-discovered evidence. A district court's decision on a motion for a new trial is to be overturned only for abuse of discretion. United States v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982), cert. denied, 461 U.S. 945 (1983). In order to obtain a new trial on the basis of newly discovered evidence, the defendant must prove that "the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried." Id.
 
 
 20
 In the present case, after trial and before sentencing, Wayne Anthony Smith testified at a post-trial hearing that he had sent the packages of marijuana from Jamaica and that Messam knew nothing of the packages or their contents. The district court found that the defense counsel knew or should have known of this evidence, and the facts would not warrant our overturning that finding.
 
 
 21
 Wayne Smith had visited Messam's attorney when Smith was being investigated by the Army for involvement in the same conspiracy as that in which Messam was charged with having been a participant. Smith and the defense counsel both stated that the counsel asked Smith if he had any information that might help in Messam's case, and Smith denied being able to provide any assistance. It was known prior to trial that Smith's fingerprints had been found on the package of marijuana and that handwriting samples showed that Smith had written all the matter on the package. The government argued all along that Smith had sent the package. It is not improbable that the availability of Smith's testimony on Messam's supposed lack of knowledge should have been known. Messam's counsel could well have decided not to present such evidence at trial because of fear that it would do Messam more harm than good for one of his own friends to admit involvement in the importation.
 
 
 22
 The judgment of the district court is AFFIRMED.