1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert P. GROSS, Defendant-Appellant.
 No. 92-4105.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1993.
 
 Before: KEITH and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Gross appeals the denial of his motion to dismiss an indictment charging him with conspiracy to defraud the United States and certain tax-related crimes. Upon review, we agree with the district court's order and opinion and therefore AFFIRM.
 
 
 2
 * On April 15, 1991, the last date permitted by the statute of limitation, codefendant Ronald J. Bencs (not a party to this appeal) was indicted on a single count of income tax evasion for the 1984 tax year. One year later, on April 14, 1992, the grand jury returned a superseding indictment charging appellant Gross, a certified public accountant, and codefendant Bencs with violations of: 18 U.S.C. Sec. 371, conspiracy to defraud the United States; 18 U.S.C. Sec. 1956(a)(1)(B)(i), money laundering; 26 U.S.C. Sec. 7201, income tax evasion (Bencs only); 26 U.S.C. Sec. 7206(2), preparing false tax returns (Gross only); and, 31 U.S.C. Sec. 5324(3), structuring transactions to avoid currency transaction reporting (Bencs only). The conspiracy is alleged to have taken place from January 6, 1978, through June 20, 1989.
 
 
 3
 Gross filed a motion to dismiss the superseding indictment on grounds of double jeopardy. Previously, in 1988, Gross had entered guilty pleas in two other cases related to his accounting practice. These two prior cases also involved, inter alia, charges of conspiracy to defraud the United States in violation 18 U.S.C. Sec. 371.
 
 
 4
 The first 1988 case involved Gross' actions on behalf of an undercover agent that Gross believed was a drug dealer. Gross and two others conspired to defraud the Department of the Treasury by laundering what they believed to be drug money through unrelated businesses and by structuring transactions to avoid the currency transaction reporting requirements. The conspiracy existed from about February 23, 1987 through about March 28, 1988.
 
 
 5
 The second 1988 case involved Gross' actions on behalf of Leslie Lopez, a drug dealer. Gross and Lopez conspired to hide Lopez's drug income from the Internal Revenue Service. The conspiracy existed from early 1986 through April 15, 1987.
 
 
 6
 Because of his prosecution on the two 1988 indictments, Gross contends that the Double Jeopardy Clause precludes prosecution of the crimes charged in the present indictment. Essentially, Gross is claiming that the present indictment constitutes double jeopardy because it represents a second prosecution for conspiracy to defraud, the same type of conduct charged in the 1988 indictments.
 
 
 7
 In response, the government argues that although the present case and the former two cases charge Gross with conspiracy to defraud the United States in violation of 18 U.S.C. Sec. 371, they involve separate conspiracies, separate conduct with different individuals, and different time periods. The government argues, therefore, that the present prosecution should not be precluded under the Double Jeopardy Clause.
 
 
 8
 On October 14, 1992, the district court, without holding an evidentiary hearing, issued a memorandum opinion and order denying defendant's motion to dismiss. In its memorandum and order, the district court determined, upon the proffers submitted by the parties, that Gross had failed to meet his initial burden of persuasion by demonstrating a non-frivolous claim of double jeopardy. Gross then filed a timely interlocutory appeal of the district court's order, pursuant to the Supreme Court's opinion in Abney v. United States, 431 U.S. 651 (1977).
 
 II
 
 9
 The Double Jeopardy Clause of the Fifth Amendment prohibits multiple prosecutions for the same offense. If the conspiracy charged in this case and the conspiracies to which Gross pled guilty in 1988 were part of a single agreement, the superseding indictment is barred and must be dismissed. See Braverman v. United States, 317 U.S. 49, 54 (1942); United States v. Barrett, 933 F.2d 355, 360 (6th Cir.1991) (double jeopardy clause bars a second prosecution for the same offense after conviction or acquittal).
 
 
 10
 A double jeopardy claim raised by an accused as a bar to a subsequent prosecution for the same conduct is analyzed under the "same-elements" test articulated by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932).[1] The Court in Blockburger held that "the test to be applied to determine whether there are two offenses or only one [for purposes of double jeopardy] is whether each [statutory] provision requires proof of a fact which the other does not." Id. at 304. Thus, it follows, if one offense contains an element not contained in the other, then they are not the "same offense" within the Double Jeopardy Clause's meaning and therefore subsequent prosecution is not barred.
 
 
 11
 Because of the peculiar characteristics of the offense of conspiracy, which involves an agreement to commit unlawful acts that may continue for an extended period of time and may involve the commission of numerous criminal offenses, the courts have adopted a multi-pronged "totality of the circumstances" test to determine whether two successive conspiracy indictments charge the "same offense" within the meaning of the Double Jeopardy Clause. United States v. Sinito, 723 F.2d 1250, 1256 (6th Cir.1983), cert. denied, 469 U.S. 817 (1984). The "totality of the circumstances" test requires us to consider the elements of (1) time, (2) persons acting as co-conspirators, (3) the statutory offenses charged in the indictments, (4) the overt acts charged by the government or any other description of the offenses charged which indicates the nature and scope of the activity which the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place. Id. at 1256. Where several of these factors differ between the conspiracies, the conclusion follows that the alleged illegal conspiracies are separate and distinct offenses. United States v. Benton, 852 F.2d 1456, 1462 (6th Cir.), cert. denied, 488 U.S. 993 (1988). Furthermore, the district court's factual findings within this context will not be set aside on appeal unless clearly erroneous. United States v. Jabara, 644 F.2d 574, 577 (6th Cir.1981).
 
 
 12
 When a defendant puts double jeopardy in issue with a non-frivolous showing that an indictment charges him with an offense for which he was formerly placed in jeopardy, the burden shifts to the government to establish that there were in fact two separate offenses by a preponderance of the evidence. Jabara, 644 F.2d at 576-77. In order to shift the burden to the government, Gross must make a non-frivolous showing that the conspiracy to defraud at issue in the present case is the same conspiracy for which he was prosecuted in the prior two 1988 cases. "To find a single conspiracy, we ... must look for agreement on an overall objective." United States v. Sutton, 642 F.2d 1001, 1017 (6th Cir.1980) (quoting United States v. Elliott, 571 F.2d 880, 903 (5th Cir.), cert. denied, 439 U.S. 953 (1978)), cert. denied, 453 U.S. 912 (1981). In order to prove a single conspiracy, it must be demonstrated "that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." United States v. Warner, 690 F.2d 545 (6th Cir.1982) (quoting United States v. Martino, 664 F.2d 860, 876 (2nd Cir.1981), cert. denied, 458 U.S. 1110 (1982)). Thus, the ultimate question is whether the record shows one agreement or more than one agreement.
 
 
 13
 The district court found that Gross had failed to make the necessary non-frivolous showing, essentially finding that the evidence indicated more than one agreement. We agree.[2] Gross does not even contend that his codefendants in the three indictments conspired together and reached a common agreement to defraud the government. Basically, Gross' argument is that once one pleads guilty to conspiracy to violate a particular statue, the government is thereafter barred from ever prosecuting that individual for conspiracy to violate the same statute, even where the subsequent violation involved separate actors, and different conduct and time periods. The logical extension of Gross' argument would preclude multiple prosecutions of the same person for the murder of different individuals. The Double Jeopardy Clause does not sweep so broadly.
 
 III
 
 14
 Gross next asserts that the district court abused its discretion in refusing to hold an evidentiary hearing before ruling on his motion to dismiss. This court has stated that a discretionary ruling should only be set aside when the reviewing court has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984) (quoting Balani v. INS, 669 F.2d 1157, 1160 (6th Cir.1982)).
 
 
 15
 We agree with the government's view that Gross suffered no prejudice from the district court's failure to hold an evidentiary hearing before ruling on his motion to dismiss, and that a hearing would have served no purpose. The parties' briefs clearly presented the facts and arguments relevant to the case and a hearing would have therefore added little, if anything, to the briefs. We conclude that the district court did not abuse its discretion in ruling on the motion to dismiss without first holding an evidentiary hearing.
 
 IV
 
 16
 Accordingly, the order of the district court is AFFIRMED.
 
 
 
 [1]
 Until recently, in addition to passing the Blockburger test, a subsequent persecution had to satisfy a "same-conduct" test to avoid the double jeopardy bar. Grady v. Corbin, 495 U.S. 508 (1990). Though our analysis here is not affected, we note that the Supreme Court recently overruled Grady. United States v. Dixon, 61 U.S.L.W. 4835 (U.S. June 28, 1993)
 
 
 [2]
 In finding that the evidence indicated more than one agreement, the district court held that there was no common goal among the conspirators. That holding implicated the personnel and overt acts' elements of Sinito 's "totality of the circumstances" test. In finding that there was no common goal, the district court implicitly found that, other than Gross, there was no overlap of named conspirators and the overt acts were different. Additionally, although there is some overlap of time between the indictments, the present one is substantially longer. Hence, since several of the totality of the circumstances factors differed between the conspiracies, it followed that the alleged illegal conspiracies were separate and distinct offenses. United States v. Benton, 852 F.2d 1456, 1462 (6th Cir.), cert. denied, 488 U.S. 993 (1988)
 The district court therefore employed the Sinito factors in determining whether, as opposed to after, Gross made a prima facie showing of a single conspiracy for double jeopardy purposes. Though the parties do not question that aspect of the district court's decision, we note that other circuits have approved such a procedure. See, e.g., United States v. Ragins, 840 F.2d 1184, 1192 (4th Cir.1988) (looking to time, place, personnel, overt acts, and methods of operation in determining that defendant made out a prima facie case of a single conspiracy); United States v. Dempsey, 806 F.2d 766, 767-68 (7th Cir.1986) (determination of whether a prima facie has been made will usually require examination of time, personnel, places, overt acts, and interdependence of alleged conspiracies), cert. denied, 481 U.S. 1014 (1987); see also United States v. Abbomonte, 759 F.2d 1065, 1070 (2nd Cir.1985); United States v. Loyd, 743 F.2d 15555, 1563 (11th Cir.1984). Though In re Grand Jury Proceedings, 797 F.2d 1377, 1382 (6th Cir.1986), cert. denied, 479 U.S. 1031 (1987), suggests that the Sinito factors are to be reviewed after a prima facie case has been made, we have not forbidden the procedure, followed by the district court here, of using the Sinito factors to determine whether a prima facie showing has been made. As noted above, several of our sister circuits have approved this procedure and it does appear to be the better approach.