JULIA SMITH GIBBONS, concurring.
I agree with Judge Griffin’s analysis except as to one point. The majority opinion, relying on United States v. Benton, 852 F.2d 1456, 1464 (6th Cir.1988), and In re Grand Jury Proceedings, 797 F.2d 1377, 1380-81 (6th Cir.1986), concludes that, when the issue is whether an indictment charges the same offense as a previous indictment under which a defendant was convicted, we review a finding that multiple conspiracies exist for clear error. This statement sweeps too broadly in my view, and in this case I would review the district court’s determination de novo and not for clear error.
Both Benton and In re Grand Jury Proceedings involved situations in which the district court made a factual finding that conspiracies were not the same offense based on extensive evidentiary records-a trial transcript in Benton and both a trial record and grand jury transcripts in In re Grand Jury Proceedings. Our court appropriately and naturally reviewed the factual finding for clear error. Here, however, the district court had no evidentiary record and was thus ruling that, based on the allegations of the 1998 indictment and the 2004 superseding indictment, the indictments did not charge the same conspiracy as a matter of law.[3] We should review this ruling de novo, as we customarily review denials of a motion to dismiss an indictment on double jeopardy grounds. See United States v. DeCarlo, 434 F.3d 447, 452 (6th Cir.2006). Benton and In re Grand Jury Proceedings do not suggest otherwise.
The standard of review makes no difference in the ultimate result in this appeal. The indictments on their faces allege two *496 distinct conspiracies, and there is no double jeopardy violation. Yet, it is important to clarify the procedural context and to note that neither we nor the district court relied on an evidentiary record. The double jeopardy issue could conceivably arise again for consideration at a later time with an evidentiary record if an argument is made that the proof at trial shows that the conspiracy charged here was in fact the same one to which Goff previously pled guilty.

. By contrast, in United States v. Jabara, 644 F.2d 574, 577 (6th Cir.1981), where our court first approved the "totality of the circumstances” test which we apply today, defendants made a nonfrivolous claim of double jeopardy that could not be resolved without an evidentiary record. The court set forth a structure for the proof in such situations, placing the burden on the government to prove the existence of two conspiracies by a preponderance of the evidence. Id. at 576-77. The court also properly noted that factual findings are reviewed for clear error, whether based on documentary evidence or oral testimony. Id. at 577.