THE STATE OF OHIO, APPELLEE, *v.* DELFINO, APPELLANT.

[Cite as State *v.* Delfino (1986), 22 Ohio St. 3d 270.]

(No. 84-1704—Decided March 19, 1986.)

*Gregory A. White,* prosecuting attorney, for appellee.
*Smith & Smith Co., L.P.A.,* and *Daniel Wightman,* for appellant.

CONNORS, J. The appellant presents a sole assignment of error as the predicate for this appeal:

"The legislature intended R.C. 2925.11 to proscribe possession of any controlled substance. The simultaneous possession of more than one controlled substance is [a] single offense. Therefore, the Double Jeopardy Clause of the United States Constitution bars a second trial for possession of a controlled substance, cocaine, following a conviction for possession of marijuana, when the cocaine and the marijuana were simultaneously possessed by the accused."

Appellant argues that the simultaneous possession of two controlled substances constitutes a single offense under R.C. 2925.11 and, for that reason, the indictment for drug abuse based upon possession of cocaine is barred by double jeopardy after his plea of guilty to drug abuse for possession of marijuana at the same time.

R.C. 2925.11 provides, in relevant part:

"(A)  No person shall knowingly obtain, possess, or use a controlled substance.

"* * *

"(C) Whoever violates this section is guilty of drug abuse:

"(1) If the drug involved is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, drug abuse is a felony of the fourth degree * * *.

"* * *

"(3) If the drug involved is marihuana, drug abuse is a misdemeanor of the fourth degree, unless the amount of marihuana involved is less than one hundred grams, the amount of marihuana resin, or extraction or preparation of such resin, is less than five grams, and the amount of such resin in a liquid concentrate, liquid extract, or liquid distillate form, is less than one gram, in which case drug abuse is a minor misdemeanor."

The Double Jeopardy Clauses of the United States and Ohio Constitutions prevent multiple punishments for the same offense. *State* v. *Jones* (1985), 18 Ohio St. 3d 116, 118. In determining whether given conduct authorizes multiple convictions under a single statute, the court is required to consider whether that result was intended by the legislature which enacted the statute. *Ohio* v. *Johnson* (1984), ____ U.S. ____, 81 L. Ed. 2d 425, 433.

In *Stratton, supra,* at 231-232, the Court of Appeals for Erie County, under almost identical facts, held that "* * * the simultaneous possession by defendant of three controlled substances in violation of R.C. 2925.11, involves one offense permitting a single punishment." The court reasoned that "* * * [p]ossession is the prohibited conduct and absent legislative mandate that each substance possessed simultaneously creates a separate offense, doubts must be resolved in favor of the defendant." *Id.* at 230.

The Court of Appeals for Erie County expressly overruled its previous ruling in *Stratton, supra,* in *State* v. *Hedelsky* (Dec. 20, 1985), Nos. E-85-15 and E-85-16, unreported.

The appellate court below held that multiple convictions were authorized, placing particular reliance on the fact that R.C. 2925.11 prohibits possession of "a" controlled substance as opposed to "any" controlled substance, as in some other state statutes.

The issue presented in this case is whether the simultaneous possession of different controlled substances can constitute separate offenses under R.C. 2925.11. If it can be said that the simultaneous possession of different types of drugs is only one offense under R.C. 2925.11, then the prosecution of appellant for his alleged possession of marijuana and cocaine is barred by the principles of double jeopardy due to his prior prosecution for possession of marijuana in the municipal court. If the simultaneous possession of different drugs constitutes separate offenses under R.C. 2925.11, then the prosecution of appellant for possession of marijuana and cocaine will not be barred by principles of double jeopardy.

The Double Jeopardy Clause contained in the Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution, prevent an

individual from being prosecuted twice for the same offense. See *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262]. It will be noted at the outset that where a first prosecution is had in a municipal court and the second prosecution is attempted in a common pleas court, the rule of "separate sovereigns" does not apply and if the prosecutions are for the same offense, the subsequent prosecution in the common pleas court is barred by principles of double jeopardy. *Waller* v. *Florida* (1970), 397 U.S. 387 [52 O.O.2d 320]. Therefore, the fact that in the case *sub judice* the first prosecution was in a municipal court and the second prosecution was attempted in the common pleas court does not alter our double jeopardy analysis.

The issue of whether simultaneous possession of different controlled substances constitutes a single offense or multiple offenses is not one of first impression. The Court of Appeals for Erie County in *Stratton, supra,* held that simultaneous possession of different controlled substances is a single offense under R.C. 2925.11. However, the Court of Appeals for Montgomery County has routinely held that simultaneous possession of different controlled substances constitutes separate offenses pursuant to R.C. 2925.11, for the purposes of double jeopardy. See *State* v. *Coleman* (Dec. 19, 1984), Montgomery App. No. 8623, unreported; *State* v. *Kash* (May 15, 1978), Montgomery App. No. 5815, unreported. We find that the Montgomery County appellate cases more accurately reflect the current state of the law on this issue.

The case courts most often cite when confronted with the issue of whether a single act constitutes a single offense or separate offenses is *Blockburger* v. *United States* (1932), 284 U.S. 299. In that case, the United States Supreme Court held at 304 that:

"* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

The Court of Appeals for Erie County properly held in *Stratton, supra,* that the *Blockburger* test does not directly apply to a situation where, as here, there is only one statutory section at issue, namely, R.C. 2925.11. See, also, *United States* v. *Davis* (C.A. 5, 1981), 656 F. 2d 153. However, even though the *Blockburger* test cannot be applied directly to a situation where it is alleged that a single transaction constitutes separate offenses under a single statutory provision, the *Blockburger* test can be used to ascertain whether the legislature intended to have a single transaction constitute separate offenses even though they are proscribed by a single statutory provision. See *Davis, supra.* If the legislature intended to have the possession of different types of drugs constitute different offenses, then a second prosecution for possession of a different drug will not be barred by principles of double jeopardy. See *id.*

Applying the *Blockburger* test herein, we find that the legislature intended that the simultaneous possession of certain drugs can constitute separate offenses. Under the provisions of R.C. 2925.11(C)(1), possession of cocaine is a felony. Under R.C. 2925.11(C)(2), possession of a Schedule III, IV or V controlled substance is a third degree misdemeanor. Under R.C. 2925.11(C)(3), possession of less than one hundred grams of marijuana is a minor misdemeanor and possession of more than that is a fourth degree misdemeanor. Proof of possession of marijuana will not sustain a conviction for possession of cocaine. Likewise, proof of possession of cocaine will not sustain a conviction for possession of marijuana. Therefore, conviction of a felony under R.C 2925.11(C)(1) requires proof of facts that R.C. 2925.11(C)(2) or 2925.11(C)(3) do not. Since different facts are required to be proven to sustain a conviction under the different subsections, we can conclude via the *Blockburger* test that the legislature intended the possession of the different drug groups to constitute different offenses. See *State* v. *Coleman, supra*; *State* v. *Kash, supra*. This court specifically holds that possession of a substance or substances in Schedule I or II, with the exception of marijuana, is a single and separate offense under R.C. 2925.11(C)(1). Possession of a substance or substances included in Schedule III, IV or V is a single and separate offense under R.C. 2925.11(C)(2). Possession of marijuana is a single and separate offense under R.C. 2925.11(C)(3).

In light of the above holding we find that appellant's prosecution for possession of marijuana did not bar the state's subsequent prosecution against him for his possession of cocaine. The sole proposition of law is without merit.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

CONNORS, J., of the Sixth Appellate District, sitting for C. BROWN, J.