**UNITED STATES of America, Appellee,**

v.

**Joseph DelVECCHIO, Guy A. DiGirolamo, and Oreste Abbamonte, Defendants-Appellants.**

**Nos. 757, 758 and 759, Dockets 85–1395, 85–1396 and 85–1400.**

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1986.

Decided Aug. 22, 1986.

John L. Pollok, New York City (Joseph & Stalonas, of counsel), for defendant-appellant Abbamonte.

Christine Yaris, New York City (Gerald L. Shargel, of counsel), for defendant-appellant DelVecchio.

John Nicholas Iannuzzi, New York City (Iannuzzi, Russo & Iannuzzi, of counsel), for defendant-appellant DiGirolamo.

William A. Keefer, Sp. Atty., New Haven, Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. Conn., Sidney M. Glazer, Atty., Dept. of Justice, Washington, D.C., and John H. Durham, Sp. Atty., New Haven, Conn., of counsel), for appellee.

Before NEWMAN, KEARSE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Appellants Oreste Abbamonte, Joseph DelVecchio, and Guy DiGirolamo protest that count one of an indictment returned in the District of Connecticut alleging that they conspired to distribute and to possess with intent to distribute heroin has infringed their right to be free of double jeopardy because it charges a discrete part of a larger, multiple-controlled-substance, narcotics conspiracy for which they have already been convicted and sentenced. Abbamonte and DelVecchio earlier pled guilty in the Southern District of New York to a charge of conspiracy to distribute heroin, while DiGirolamo earlier pled guilty in the District of Connecticut to a charge of conspiracy to distribute cocaine.

Initially, the district court denied without a hearing defendants' double jeopardy challenges to count one of the pending indictment. On appeal we reversed, holding that the showing made by defendants was sufficient to place on the prosecution the burden of showing that the conspiracies charged in the prior cases were not part of the overall conspiracy charged in the pending indictment, and we remanded for further proceedings on the double jeopardy claims. *See United States v. Abbamonte*, 759 F.2d 1065 (2d Cir.1985). After conducting an evidentiary hearing the district court determined "that the government has put forward sufficient evidence to show by a preponderance of the evidence that the conspiracies alleged in the pending indictment, the Southern District information, and the prior Connecticut indictment constitute separate conspiracies." *United States v. Abbamonte*, 618 F.Supp. 1430, 1437–38 (D.Conn.1985). Defendants have again appealed.

We affirm on the basis of Judge Daly's thorough opinion below in which he applied proper legal standards and, based on sufficient evidence, found the alleged conspiracies to be separate. We write further only because our prior decisions in this area have not made clear whether the proper measure of proof in these circumstances is the "preponderance of the evidence" test expressly invoked by the court below or a "clear and convincing evidence" test as now urged by defendants.

## DISCUSSION

Even though we have previously considered numerous cases involving the double jeopardy ramifications of separately charged conspiracies, the proper standard to be applied to this issue appears not to have been clearly settled in our circuit. On the hearing following our remand, the district court required the government to establish separate conspiracies by a preponderance of the evidence. *See* 618 F.Supp. at 1434. Because we are dealing with "a significant constitutional right and because the indictment process is wholly controlled by the government", however, appellants urge that we exercise our supervisory power and adopt a "clear and convincing evidence" standard here.

In *United States v. Mallah,* 503 F.2d 971, 985–86 (2d Cir.1974), *cert. denied,* 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975), we concluded that the appellant met his burden of going forward by demonstrating sufficient facts of similarity between two separately charged conspiracies to put his double jeopardy rights in issue. Since *Mallah* was decided, it has become accepted that the burden of establishing separate conspiracies shifts to the government once the defendant makes a nonfrivolous double jeopardy showing that two indictments charge only one conspiracy. *See, e.g., United States v. Thomas,* 759 F.2d 659, 662 (8th Cir.1985); *United States v. Jabara,* 644 F.2d 574, 576–77 (6th Cir. 1981); *United States v. Stricklin,* 591 F.2d 1112, 1118 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979);

*United States v. Inmon,* 568 F.2d 326, 331–32 (3d Cir.1977). While *Mallah* did not address the standard of proof by which the government must rebut the single-conspiracy presumption raised by the defendant, *see* 503 F.2d at 986, other circuits have done so and have uniformly adopted the preponderance of the evidence standard, *see Thomas,* 759 F.2d at 662; *United States v. Bendis,* 681 F.2d 561, 564 (9th Cir.1981), *cert. denied,* 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *Jabara,* 644 F.2d at 576–77; *Stricklin,* 591 F.2d at 1119; *Inmon,* 568 F.2d at 332.

For example, in addressing concerns like those raised by appellants here, the third circuit in *Inmon* concluded that "since the fifth amendment double jeopardy privilege is just that—a personal and waivable privilege—rather than an element of the crime, we think it inappropriate to require the government to prove the separateness of the offenses beyond a reasonable doubt." 568 F.2d at 332. The *Inmon* court held, moreover, that a higher standard is not constitutionally compelled, *id.* (citing *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)), a view that comports generally with our reasoning that "[p]roof by a preponderance of the evidence is the standard usually used in pretrial proceedings", *United States v. Chimurenga,* 760 F.2d 400, 406 (2d Cir.1985). Because we see no valid reason to depart from this solid line of authority, particularly when the preponderance of the evidence standard adequately protects appellants' fifth amendment rights, we hold that the district court correctly placed the burden on the government to establish the separateness of the conspiracies by a preponderance of the evidence, a burden which it met, as we have noted.

Affirmed.