JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Dwight L. Smith, pleaded guilty to one count of possession of cocaine and one count of possession of marijuana pursuant to R.C. 2925.11(A). Both of offenses were third-degree felonies. R.C. 2925.11(C)(3) and (4). The trial court sentenced Smith to four years' incarceration on each count, to be served concurrently.
In his first assignment of error, Smith contends that the trial court imposed a sentence that was contrary to law. The record shows that the trial court considered all the proper sentencing factors and that its findings were supported by the evidence. Further, the trial court was in the best position to observe Smith's demeanor and to decide whether his claim of remorse was genuine. State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported; State v. Howard (Sept. 11, 1998), Hamilton App. No. C-971049, unreported. Under the circumstances, we cannot say that the trial court's sentence was not supported by clear and convincing evidence or that it was contrary to law. See State v.Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. Consequently, the sentence is not voidable under any of the provisions of R.C. 2953.08, and we overrule Smith's first assignment of error. See State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported; State v. Beasley (Sept. 17, 1999), Hamilton App. No. C-981002, unreported.
In his second assignment of error, Smith contends that the two offenses of which he was convicted should have been merged because they were allied offenses of similar import. However, both the Ohio Supreme Court and this court have held that possession of two different types of controlled substances gives rise to separate offenses, and Smith was properly convicted of and sentenced on both counts of drug possession. State v. Delfino
(1986), 22 Ohio St.3d 270, 490 N.E.2d 884; State v. Jennings
(1987), 42 Ohio App.3d 179, 537 N.E.2d 685. Accordingly, we overrule his second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.