F<small>AIN</small> and D<small>ONOVAN</small>, JJ., concur.

The STATE of Ohio, Appellee,

v.

BARR, Appellant.

[Cite as *State v. Barr*, 178 Ohio App.3d 318, 2008-Ohio-4754.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 07CA34.

Decided Sept. 15, 2008.

C. David Warren, Athens County Prosecutor, and Sabrina J. Ennis, Assistant Athens County Prosecutor, for appellee.

Timothy Young, State Public Defender, and Melissa M. Prendergast, Assistant State Public Defender, for appellant.

HARSHA, Judge.

{¶ 1} The state charged James Barr with one count of aggravated possession of drugs after a police officer found a bottle of pills containing methylphenidate during a traffic stop. Barr moved to dismiss this charge on double-jeopardy grounds, asserting that he had already been convicted of drug abuse in violation of Athens City Ordinance 9.06.15 for the same offense. In particular, he argued that the municipal court relied on his possession of "marijuana and a bottle of pills" in finding him guilty of drug abuse. The trial court denied his motion to dismiss, and a jury found him guilty of aggravated possession of drugs.

{¶ 2} On appeal, Barr argues that the trial court erred in denying his motion to dismiss. First, he argues that his conviction for drug abuse stemmed from his possession of both marijuana and the pills containing methylphenidate. However, the record shows that Barr pleaded no contest to the possession of marijuana. Because drug abuse related to the possession of marijuana and aggravated possession of methylphenidate represent separate offenses, Barr's convictions for drug abuse and aggravated possession of drugs did not violate the Double Jeopardy Clause.

{¶ 3} Second, Barr argues that his subsequent indictment for aggravated possession of drugs runs contrary to his reasonable expectation that because he pleaded no contest to possession of marijuana and possession of drug paraphernalia, there would be no further charges related to the drugs found during the traffic stop. However, Barr puts forward no facts demonstrating that he could reasonably rely on his plea to terminate any additional criminal liability. The record does not contain evidence of a plea agreement or similar implied promise by the prosecution not to bring charges for the possession of methylphenidate, and his drug-abuse plea addressed only his possession of marijuana.

{¶ 4} Accordingly, the trial court did not err in overruling Barr's motion to dismiss, and we affirm the judgment below.

## I.  Facts

{¶ 5} In the early morning hours, Officer Roman Brandau of the Athens Police Department stopped a car driven by Barr's girlfriend after she failed to signal a left turn. When Officer Brandau approached the vehicle, he could smell a strong odor of marijuana coming from the car. After having the driver step out of the car, Officer Brandau approached Barr, who sat in the passenger seat. Barr admitted having a marijuana pipe in a bag hidden under his seat. Officer Brandau found the bag and searched its contents. Inside, Officer Brandau found the marijuana pipe, a bag of marijuana, and a bottle of pills. After Officer Brandau showed Barr what he found in the bag, Barr stated, "[T]hose are all mine." Officer Brandau described the appearance of the pills to poison control and learned that they contained Trazodone and Ritalin. Scientific analysis of the Ritalin pills showed that they contained methylphenidate, a Schedule II controlled substance.

{¶ 6} Barr appeared in the Athens County Municipal Court and pleaded no contest to charges of possession of drug paraphernalia, a violation of R.C. 2925.14 and a fourth-degree misdemeanor, and drug abuse, a violation of Athens City Ordinance 9.06.15 and a minor misdemeanor. The citation issued to Barr describes the offense charged, alleging that Barr "did possess a controlled

substance commonly referred to as marijuana."[1]  At the plea hearing, Barr appeared without counsel and pleaded no contest.  The municipal court entered Barr's plea of no contest to the charges and asked an unidentified police officer for a statement.  The officer explained that "Officer Brandau * * * found a pipe with marijuana residue in it, a small baggie of marijuana and a bottle of pills. * * * Mr. Barr admitted that all the items belonged to him."[2]  The municipal court found Barr guilty "on the minor misdemeanor charge, possession of marijuana."  The fact that some of the pills contained methylphenidate does not appear in the transcript, and there is no indication that Barr received an express or implied promise not to be prosecuted for those pills in exchange for his plea.

{¶ 7} Subsequently, the Athens County Grand Jury indicted Barr on one count of aggravated possession of drugs, a violation of R.C. 2925.11(A) and a fifth-degree felony.  This charge arose from Barr's possession of the pills containing methylphenidate.  Barr moved to dismiss the indictment on double-jeopardy grounds, arguing that he had already pleaded no contest to drug abuse and that the state had used his possession of the pills to prove the drug-abuse offense. The trial court denied his motion to dismiss, and a jury found Barr guilty of aggravated drug abuse.  Barr filed this appeal challenging only the denial of his motion to dismiss.

## II.  Assignments of Error

{¶ 8} Barr presents two assignments of error:

1. James Barr's conviction violates the Double Jeopardy Clauses of the United States Constitution.  Fifth and Fourteenth Amendments to the United States Constitution.

2. The trial court erred by convicting Mr. Barr when he justifiably believed that his plea to drug abuse would terminate the incident.

## III.  Double Jeopardy

{¶ 9} Barr argues that his conviction for aggravated drug possession violates the Double Jeopardy Clause of the Fifth Amendment, which protects against a second prosecution for the same offense after acquittal, against a second

---

1.  The placement of the court clerk's filing stamp makes part of the citation unintelligible.  It appears to say that Barr's possession of marijuana violated "ACO 9.06.15A2."  Athens City Ordinance 9.06.15(A) criminalizes the possession of a controlled substance.  Athens City Ordinance 9.06.15(C)(2) provides that possession of marijuana below a certain amount is a misdemeanor of the fourth degree.  There is no Athens City Ordinance 9.06.15(A)(2).

2.  Barr has not filed a copy of the record from the municipal court cases, but he did attach a copy of the citation issued to him and the transcript from his plea hearing to his motion to dismiss.

prosecution for the same offense after conviction, and against multiple punishments for the same offense. *Brown v. Ohio* (1977), 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187, quoting *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656. The Supreme Court of the United States has explained that "the Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors." *Brown*, 432 U.S. at 165, 97 S.Ct. 2221, 53 L.Ed.2d 187. Although the Double Jeopardy Clause does not limit the legislature's power to define crimes and fix punishments for those crimes, "once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." *Brown*, 432 U.S. at 165, 97 S.Ct. 2221, 53 L.Ed.2d 187.

{¶ 10} In determining whether a successive prosecution for the "same offense" in violation of the Fifth Amendment has occurred, the Supreme Court of Ohio has adopted the "same-elements test" articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306:

> The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*State v. Zima*, 102 Ohio St.3d 61, 65, 2004-Ohio-1807, 806 N.E.2d 542, at ¶ 19, quoting *State v. Best* (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, paragraph three of the syllabus. Furthermore, "the *Blockburger* test can be used to ascertain whether the legislature intended to have a single transaction constitute separate offenses even though they are proscribed by a single statutory provision." *State v. Delfino* (1986), 22 Ohio St.3d 270, 273, 22 OBR 443, 490 N.E.2d 884, citing *United States v. Davis* (C.A.5, 1981), 656 F.2d 153. Thus, we must look at the elements of the offenses defined in Athens City Ordinance 9.06.15 and R.C. 2925.11(A) to see if Barr's possession of marijuana and his possession of methylphenidate constitute separate offenses.

{¶ 11} Both Athens City Ordinance 9.06.15 and R.C. 2925.11(A) criminalize knowingly obtaining, possessing, or using a controlled substance. The Supreme Court of Ohio has held that the legislature intended the simultaneous possession of certain drugs to constitute separate offenses under R.C. 2925.11(A). In *Delfino*, the court held that the possession of cocaine and the possession of marijuana were separate offenses. The court explained that "[p]roof of posses-

sion of marijuana will not sustain a conviction for possession of cocaine. Likewise, proof of possession of cocaine will not sustain a conviction for possession of marijuana." *Delfino,* 22 Ohio St.3d at 274, 22 OBR 443, 490 N.E.2d 884. Because "different facts are required to be proven to sustain a conviction under the different subsections, we can conclude via the *Blockburger* test that the legislature intended the possession of the different drug groups to constitute different offenses." Id. The court specifically held:

> [P]ossession of a substance or substances in Schedule I or II, with the exception of marijuana, is a single and separate offense under R.C. 2925.11(C)(1). Possession of a substance or substances included in Schedule III, IV or V is a single and separate offense under R.C. 2925.11(C)(2). Possession of marijuana is a single and separate offense under R.C. 2925.11(C)(3).

Id.

{¶ 12} Methylphenidate is a Schedule II drug, and R.C. 2925.11(C)(1) provides that possession of methylphenidate constitutes aggravated drug abuse, a felony. Possession of marijuana is a separate offense under R.C. 2925.11(C)(3) and, in the amount possessed by Barr, a misdemeanor. Thus, because possession of methylphenidate and possession of marijuana require the proof of a different fact—the possession of the particular controlled substance—to prove a violation of R.C. 2925.11, they constitute separate offenses.

{¶ 13} Similarly, possession of methylphenidate and possession of marijuana constitute separate offenses under Athens City Ordinance 9.06.15. Athens City Ordinance 9.06.15(A) is identical in language to R.C. 2925.11(A). The ordinance defines a violation in terms of "a controlled substance" and "the drug involved," and we have construed similar statutory language to mean that each drug " 'has a significance independent of every other drug.' " *State v. Pitts* (Nov. 6, 2000), Scioto App. No. 99CA2675, 2000 WL 1678020, at *11, quoting *State v. Jennings* (1987), 42 Ohio App.3d 179, 182, 537 N.E.2d 685. Furthermore, the ordinance makes a distinction between possession of marijuana and possession of other drugs. Athens City Ordinance 9.06.15(C)(2) makes possession of marijuana a minor misdemeanor or a fourth-degree misdemeanor depending on the amount or the form of the substance. Athens City Ordinance 9.06.15(C)(1) makes possession of a Schedule III, IV, or V drug a misdemeanor of the third degree. The ordinance does not specifically single out possession of Schedule I or II drugs, with the exception of marijuana, for special treatment. For these reasons, we construe Athens City Ordinance 9.06.15(A) to make the possession of different drug groups separate offenses. Cf. *State v. Crisp,* Allen App. No. 1–05–45, 2006-Ohio-2509, 2006 WL 1381631, at ¶ 24 ("Thus, while we recognize that * * * there is no distinction between cocaine and crack in the schedule definitions, we

find with the specific penalty provisions under R.C. 2925.11(C)(4), the legislature clearly made a distinction"). Because possession of methylphenidate and possession of marijuana require the proof of a different fact—the possession of the particular controlled substance—to prove a violation of the ordinance, they constitute separate offenses.

{¶ 14} Having determined that the Athens City Ordinances and the Revised Code provide separate offenses for possession of methylphenidate and possession of marijuana, we conclude that prosecution for possession of methylphenidate after Barr pleaded guilty to possession of marijuana did not violate the Double Jeopardy Clause's prohibition on successive prosecutions for the same offense.

{¶ 15} Barr argues that the city of Athens simultaneously prosecuted him for possession of methylphenidate and possession of marijuana because the city attempted to prove the drug-abuse offense by showing that Barr had both marijuana and "pills," i.e., the methylphenidate. He relies on the fact that, after the municipal court accepted his no-contest plea, an officer on behalf of the city made a statement that "Officer Brandau * * * found a pipe with marijuana residue in it, a small baggie of marijuana and a bottle of pills. * * * Mr. Barr admitted that all the items belonged to him." However, the citation clearly shows that the city had charged Barr with drug abuse by virtue of his possession of the marijuana. The municipal court also explained that it had found Barr guilty "on the minor misdemeanor charge, possession of marijuana." The officer speaking on behalf of the city did not identify the "pills" found on Barr, explain that they contained methylphenidate, or show that they were otherwise controlled substances. Accordingly, we conclude that the city did not attempt to prove the drug-abuse charge under the ordinance with the pills containing methylphenidate.

{¶ 16} Because possession of methylphenidate is not the same offense as possession of marijuana, and because Barr pleaded no contest to possession of marijuana but not to possession of methylphenidate, his conviction for possession of marijuana did not bar a subsequent prosecution for possession of methylphenidate. Therefore, we overrule Barr's first assignment of error.

### IV. Reasonable Reliance

{¶ 17} In his second assignment of error, Barr asserts that he reasonably believed that his plea to drug abuse would resolve all his criminal liability for the incident. Barr relies on *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, at ¶ 13, for the proposition that "the state must give notice of its intent to pursue additional charges when the 'prosecutor has knowledge of and jurisdiction over all [the] offenses and the defendant disposes of all charges then pending by a guilty plea to one or more of the charges.' [*State v. Lordan* (1976)], 116 N.H. [479], 482, 363 A.2d 201."

{¶ 18} Because Barr failed to raise this argument in the trial court, he has forfeited all but plain error. *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 21–23. We may notice plain errors or defects affecting substantial rights despite the appellant's failure to bring them to the attention of the trial court. Crim.R. 52(B). For there to be plain error, there must be a plain or obvious error that "affect[s] 'substantial rights,' which the court has interpreted to mean but for the error, 'the outcome of the trial clearly would have been otherwise.'" *State v. Litreal,* 170 Ohio App.3d 670, 2006-Ohio-5416, 868 N.E.2d 1018, at ¶ 11, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 59 N.E.2d 1240. We take notice of plain error with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, at ¶ 78; *State v. Patterson,* Washington App. No. 05CA16, 2006-Ohio-1902, 2006 WL 998205, at ¶ 13.

{¶ 19} In *State v. Zima,* 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, the city of Cleveland charged the defendant with multiple ordinance violations based on her actions causing an accident. Soon after, the state of Ohio indicted the defendant for aggravated vehicular assault based on the same conduct. Unaware of the indictment, the defendant agreed to plead no contest to the charges brought by the city as part of a negotiated plea agreement. The trial court dismissed the indictment, but the court of appeals reversed. On appeal to the Supreme Court of Ohio, the defendant argued that "the state should be required either to reserve or forfeit its right to file additional charges in all cases where the defendant reasonably believes that his or her negotiated guilty plea will terminate the incident, including those in which 'all of the facts underlying the greater offense [are] known at the time of the plea.'" *Zima* at ¶ 9.

{¶ 20} The Supreme Court of Ohio held that, even were it to adopt the rule put forward by the defendant, it would not benefit her. The court noted its prior holding in *State v. Carpenter* (1993), 68 Ohio St.3d 59, 623 N.E.2d 66, syllabus:

[T]he state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea.

The court explained that the holding in *Carpenter* represents a synthesis of contract and criminal law ultimately derived from "the proposition that plea agreements are a necessary and desirable part of the administration of criminal justice and, therefore, ' "must be attended by safeguards to insure the defendant what is reasonably due in the circumstances." ' " *Zima* at ¶ 11, quoting *Carpenter,* 68 Ohio St.3d at 61, 623 N.E.2d 66, quoting *Santobello v. New York* (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427. The court in *Carpenter* found

that under the circumstances of that case, the defendant reasonably "anticipated that by pleading guilty to attempted felonious assault, and giving up rights which may have resulted in his acquittal, he was terminating the incident and could not be called on to account further on any charges regarding this incident." *Carpenter*, 68 Ohio St.3d. at 61–62, 623 N.E.2d 66. In order to protect this reasonable expectation, the court had to recognize "what is basically an implied promise on the part of the state not to prosecute the defendant for any further offenses that may arise out of the same incident." *Zima* at ¶ 11. However, the court in *Zima* held that the defendant "cannot simply rely on an implied representation that no further charges would be brought but must articulate the circumstances showing why her belief was reasonable in this case." *Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, at ¶ 14.

{¶ 21} Barr has failed to "articulate the circumstances" showing that he had a reasonable belief that his no-contest pleas to possession of marijuana and possession of drug paraphernalia would resolve any potential charges that could be brought based on his possession of methylphenidate. Importantly, there is no evidence in the record that Barr negotiated a plea agreement with the city of Athens. Nor is there any suggestion of an implied promise that no other charges would be filed that induced Barr to plead no contest to the drug-abuse and drug-paraphernalia charges. As far as the record of the plea hearing shows, Barr simply volunteered to plead no contest to the two charges without any discussion with an attorney or the city prosecutor. At most, Barr has shown an unwarranted and unilateral belief that his no-contest pleas in municipal court resolved all liability for contraband found during the traffic stop based on the fact that no other charges had been filed in common pleas court up to that time. See *Zima* at ¶ 14, quoting *State v. Zima*, 8th Dist. No. 80824, 2004-Ohio-6327, 2004 WL 2694932, ¶ 44 (" 'a defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully' "). Barr has failed to point to any facts in the record showing an implied representation that pleading no contest would bring an end to his criminal liability for the methylphenidate possession. And he has failed to show that any reliance upon such an assumption would be reasonable. Accordingly, we overrule his second assignment of error.

Judgment affirmed.

KLINE and McFARLAND, JJ., concur.