[Cite as *State v. Dixon*, 2011-Ohio-5290.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :          C.A. CASE NO.    24281

v.                               :          T.C. NO.    2009 CR 4134/3

ANTHONY L. DIXON                 :          (Criminal appeal from
                                            Common Pleas Court)

    Defendant-Appellant         :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of ___October___, 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. No. 0040615, 1502 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} After the Montgomery County Common Pleas Court overruled his motion to dismiss his indictment on double jeopardy grounds, Anthony L. Dixon pled no contest to aggravated possession of drugs, in violation of R.C. 2925.11(A),

a fifth degree felony. As part of the plea, the State dismissed a charge of possession of drug paraphernalia. The trial court found him guilty and sentenced him to community control.

{¶ 2} Dixon appeals from his conviction, challenging the trial court's denial of his motion to dismiss. For the following reasons, the trial court's judgment will be affirmed.

I

{¶ 3} The sole witness at the hearing on Dixon's motion to dismiss was Douglas Kowalski, a narcotics detective with the Kettering Police Department. Kowalski's testimony established the following facts.

{¶ 4} On November 11, 2009, Kowalski and other Kettering police officers executed a search warrant at 1732 Renee Drive, Apartment 103. When Kowalski entered, he smelled an overwhelming odor of burnt marijuana inside the apartment, and he observed pills, marijuana, and "other various items of contraband" scattered throughout the apartment. A marijuana pipe, rolling papers, pills and a plate were located in the living room. A variety of pills, a digital scale with cocaine and marijuana residue, two snorting straws and a plate were located on the dining room table. A drug in powder form, divided into five lines, and one of the straws were on the dining room plate. The officers tested the powder for cocaine and heroin with negative results. The substance was sent to the laboratory and subsequently identified as oxycodone, a Schedule II drug.[1]

---

[1] The record does not establish when the laboratory reported that the powder was oxycodone. At the hearing on the motion to dismiss, the detective indicated that it took "months" for the laboratory results to come back. Defense counsel

{¶ 5} Three adults, including Dixon (a non-resident), were inside the apartment; the three were detained in the common hallway outside of the apartment while the officers collected evidence. Dixon admitted that the plate with the powder and straw was his. The other two adults told officers that Dixon had also brought some pink pills, which were later identified as amphetamine; Dixon did not admit to that fact.

{¶ 6} Later that night, Dixon and the other adults were taken to the Kettering jail. The following day, Dixon was charged with misdemeanor possession of drugs under R.C. 2925.11(A) and misdemeanor possession of drug paraphernalia. With respect to Dixon's possession charge, the affidavit stated that "defendant knowingly possessed various scheduled prescription medications not prescribed to him ***, [a] misdemeanor 3;" no specific type of drug was identified. Kowalski testified at the motion to dismiss hearing in common pleas court that the misdemeanor possession charge was based on the pills that were lying around the apartment. The affidavit for the misdemeanor possession of drug paraphernalia charge stated that Dixon "did knowingly possess with purpose to use drug paraphernalia, to wit: a marijuana smoking pipe, a digital scale, snorting straw and rolling papers, contrary to and in violation of Section 2925.14(C)(1) of the Ohio Revised Code, misdemeanor 4."

{¶ 7} On November 19, 2009, Dixon pled guilty in the Kettering Municipal Court to the misdemeanor drug possession charge; in exchange, the drug

suggested that the laboratory results were available on December 3, 2009.

paraphernalia charge was dismissed. On December 18, 2009, after a pre-sentence investigation had been completed, the court sentenced Dixon to 60 days in jail, 55 of which were suspended, and credit was given for three days served. The court ordered that Dixon pay fines and court costs and placed him on probation for two years.

{¶ 8} It appears to be undisputed that Dixon entered his guilty plea in the municipal court before the powder was identified as oxycodone. It is unclear, however, whether the identity of the powder was known prior to the December 18, 2009 sentencing.

{¶ 9} In January 2010, Dixon was indicted for possession of oxycodone, in violation of R.C. 2925.11(A), and possession of drug paraphernalia, namely the plate and straw. Specifically, the indictment stated that Dixon "on November 11, 2009 *** did knowingly obtain, possess or use a controlled substances, to-wit: Oxycodone, a drug included in Schedule I or II ***." The indictment further alleged that Dixon "on November 11, 2009 *** did knowingly use, or possess with purpose to use, drug paraphernalia, to wit: plate and straw ***."

{¶ 10} Dixon moved to dismiss the indictment on double jeopardy grounds. Dixon argued that he had already been convicted and sentenced for drug possession and possession of drug paraphernalia arising out of the events on November 11, 2009. After a hearing, the trial court overruled the motion with respect to the possession of oxycodone charge and the portion of the possession of drug paraphernalia charge based on the plate. The court dismissed the portion of the possession of drug paraphernalia charge based on the straw because that

item had been part of the misdemeanor possession of drug paraphernalia charge.

{¶ 11} As stated above, Dixon subsequently pled no contest to aggravated drug possession (Schedule I or II) and he was sentenced accordingly. Dixon appeals from his conviction.

II

{¶ 12} In his sole assignment of error, Dixon claims that the trial court erred in denying his motion to dismiss on double jeopardy grounds. He argues that the State was not permitted to charge him with felony drug offenses after he had already been prosecuted in municipal court on the same charges based on the same incident.

{¶ 13} The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The right is likewise guaranteed by Article I, Section 10 of the Ohio Constitution, which states: "No person shall be twice put in jeopardy for the same offense." The federal prohibition against double jeopardy is binding on the states. *Benton v. Maryland* (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; *State v. Ocasio*, Montgomery App. No. 19859, 2003-Ohio-6240, ¶8.

{¶ 14} The prohibition against double jeopardy has three distinct aspects. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656. Dixon's argument focuses on the prohibition against successive prosecutions and

cumulative punishments for the same offense involving the same conduct. He claims that his prosecution for drug possession in municipal court was the same offense as the felony drug possession charge.

{¶ 15} The State responds that this situation is governed by *State v. Delfino* (1986), 22 Ohio St.3d 270, and that double jeopardy did not bar the felony charges. In *Delfino*, a mirror with a trace amount of cocaine on it, a razor blade, two straws, and a metal pipe with a small amount of marijuana were seized from the defendant's car at the time of his arrest. He subsequently pled guilty in municipal court to drug abuse arising out of the possession of marijuana in violation of R.C. 2925.11, a minor misdemeanor, and was fined $100. Several weeks later, Delfino was indicted for drug abuse arising out of the possession of cocaine, possession of drug abuse instruments, and permitting a vehicle to be used for the commission of a felony drug abuse offense. Delfino moved to dismiss the indictment, alleging that a second prosecution for drug abuse in violation of R.C. 2925.11 was barred by double jeopardy. The trial court denied the motion to dismiss and the court of appeals affirmed.

{¶ 16} On appeal, the Ohio Supreme Court first noted that the rule of "separate sovereigns" did not apply where the first prosecution was brought in the municipal court and the second prosecution was brought in the common pleas court. Id. at 273. As long as the prosecutions were for the same offense, the subsequent prosecution in the common pleas court would be barred by double jeopardy. Id. The court concluded, however, that the simultaneous possession of

different types of drugs constituted separate offenses under R.C. 2925.11.[2]  The supreme court focused on the differences in R.C. 2925.11(C) and found that "different facts are required to be proven to sustain a conviction under the different subsections."  Id. at 274.  It held that the possession of a substance under R.C. 2925.11(C)(1), (C)(2), and (C)(3) were separate and distinct offenses.  Thus, the municipal court prosecution for possession of marijuana did not bar the subsequent prosecution in common pleas court for possession of cocaine.  Id.

{¶ 17} The parties dispute whether Dixon or the State bore the burden of proof on Dixon's motion to dismiss the indictment on double jeopardy grounds. Although we find little guidance among Ohio courts, one appellate district has held that the burden of proof is on the defendant.  See *State v. Busby*, Summit App. No. 21229, 2003-Ohio-3361, ¶7.  Courts of other states and federal courts are divided on the issue.  Compare, for example, *State v. Mullenix,* 73 S.W.3d 32, 34 (Mo.App. 2002)("Because double jeopardy is an affirmative defense, it is the defendant's burden to prove that double jeopardy applies.") with *U.S. v. Mendoza*

---

[2]At that time, R.C. 2929.11 provided:

"(A) No person shall knowingly obtain, possess, or use a controlled substance.

"***

"(C) Whoever violates this section is guilty of drug abuse:

"(1) If the drug involved is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, drug abuse is a felony of the fourth degree ***.

"***

"(3) If the drug is marihuana, drug abuse is a misdemeanor of the fourth degree, unless the amount of marihuana is less than one hundred grams ***, in which case drug abuse is a minor misdemeanor."

Although *Delfino* was rendered prior to Senate Bill 2, the overall structure of R.C. 2925.11 remains the same today and *Delfino*'s holding is still applicable.

(N.D.Cal.,2005), 390 F.Supp.2d 925, 929 (recognizing a shifting burden, with the burden of proof remaining with the defendant), and with *United States v. DelVecchio* (2d Cir. 1986), 800 F.2d 21, 22 (stating that, where a non-frivolous double jeopardy claim is made, the prosecution bears the burden to prove by a preponderance of the evidence that double jeopardy does not apply). Assuming, for sake of argument, that the State bore the burden to establish that no double jeopardy violation exists in this case, the State has met that burden.

{¶ 18} According to Kowalski's testimony, there were multiple drugs – including various prescription pills – present in the apartment where Dixon was arrested. Dixon claims that the municipal court charges were based solely on his admission to possessing a plate and the straw and the drug in powder form that were on the plate. However, the misdemeanor possession of drug paraphernalia charge, which was dismissed as part of the municipal court plea, charged Dixon with possession of a marijuana smoking pipe, a digital scale, snorting straw and rolling papers, which were beyond the scope of Dixon's admission. The misdemeanor drug possession charge also could have been based on the non-powder prescription pills that were located in the apartment; Kowalski testified that the misdemeanor drug possession charge was, in fact, based on the pills that were lying around the apartment.

{¶ 19} As stated above, the criminal complaint for drug possession that was filed in the municipal court did not specify the "scheduled prescription medication" that formed the basis for the misdemeanor drug possession charge. Dixon has not offered a transcript of the plea hearing, an affidavit from him or his counsel in the

misdemeanor case, or any other evidence which might have clarified the specific drug upon which the misdemeanor drug possession charge was based. There was no evidence before the common pleas court to support Dixon's contention that the misdemeanor drug possession charge was based on his possession of the powder located on the plate on the dining room table. See *State v. Barr*, 178 Ohio App.3d 318, 2008-Ohio-4754 (finding that the trial court did not err in denying motion to dismiss the indictment on double jeopardy grounds where defendant "[put] forward no facts demonstrating that he could reasonably rely on his [municipal court] plea to terminate any additional criminal liability" and the record did not "contain evidence of a plea agreement or similar implied promise by the prosecution ***.")

{¶ 20} Because Dixon's conviction for drug possession in the municipal court could have been based on pills other than oxycodone and the record does not establish that his plea in municipal court was intended to encompass the oxycodone, the trial court did not err in concluding that the prosecution for aggravated drug possession in common pleas court was not a second prosecution for the same offense to which Dixon pled guilty in municipal court.

{¶ 21} Dixon's assignment of error is overruled.

III

{¶ 22} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
Richard A. Nystrom
Hon. Steven K. Dankof