[Cite as *State v. Folk*, 2020-Ohio-4373.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19CA93 |
| | : | |
| KAYLA FOLK | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court of Common Pleas, Case No. 2018CR1046

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      September 8, 2020

APPEARANCES:

For Plaintiff-Appellee:

GARY BISHOP
RICHLAND CO. PROSECTOR
JOSEPH C. SNYDER
38 South Park St.
Mansfield, OH 44902

For Defendant-Appellant:

DARIN AVERY
105 Sturges Avenue
Mansfield, OH 44903

*Delaney, J.*

{¶1} Appellant Kayla Folk appeals from the September 16, 2019 Sentencing Entry of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A detailed statement of the facts underlying appellant's criminal convictions is not in the record before us. At the change-of-plea hearing on July 3, 2019, the trial court stated the charges arose when appellant was dropped off at Ohio Health and overdosed. She admitted using heroin, and a spoon and syringe were found in her purse. The spoon contained traces of heroin and fentanyl.

{¶3} Appellant was charged by indictment with one count of aggravated drug possession (fentanyl, in an amount less than bulk) pursuant to R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree [Count I] and one count of possession of heroin in an amount less that one gram pursuant to R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree [Count II].

{¶4} On July 5, 2019, appellant changed her previously-entered pleas of not guilty to ones of guilty and the trial court ordered a pre-sentence investigation (P.S.I.).

{¶5} Appellant appeared before the trial court for sentencing on September 11, 2019. The trial court imposed prison terms of 12 months each upon Counts I and II, to be served consecutively, for a total aggregate sentence of 24 months.

{¶6} On the record at the sentencing hearing and in the judgment entry, the trial court made the requisite findings in imposing consecutive sentences. During the sentencing hearing, the trial court asked appellant whether she would be clean if given a drug test, and appellant replied in the affirmative. The hearing recessed for a drug test.

When the parties returned on the record, the trial court noted appellant had several active warrants for her arrest, including for misuse of credit cards, failing to comply with pretrial supervision, and failure to comply with municipal drug court. Further, rather than submit to the court-ordered drug test during the recess, appellant tried to leave but was apprehended and returned to the courtroom in handcuffs.

{¶7} The trial court also noted appellant was subject to a three-year discretionary term of post release control. The trial court found Counts I and II are not allied offenses of similar import because appellant was charged for two different substances. T. 16.

{¶8} Appellant now appeals from the trial court's Sentencing Entry of September 16, 2019.

{¶9} Appellant raises four assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I. THE TRIAL COURT VIOLATED MS. FOLK'S RIGHT TO BE FREE FROM DOUBLE JEOPARDY BY CONVICTING HER TWICE OF THE SAME OFFENSE."

{¶11} "II. THE TRIAL COURT ERRED BY FAILING TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT CONTRARY TO R.C. 2941.25(A)."

{¶12} "III. THE TRIAL COURT ERRED IN FAILING TO TREAT FENTANYL AS FILLED IN A 'MIXTURE * * * CONTAINING HEROIN[.]"

{¶13} "IV. THE TRIAL COURT ERRED IN FAILING TO TREAT THE COMBINATION OF HEROIN AND FENTANYL AS A 'COMBINATION OF A FENTANYL-RELATED COMPOUND AND ANY OTHER CONTROLLED SUBSTANCE' UNDER R.C. 2925.11(C)(11)."

**ANALYSIS**

I., II., III., IV.

{¶14} Appellant's assignments of error are related and will be addressed together. Appellant argues she was wrongly convicted upon two separate offenses for possession of heroin and fentanyl because the fentanyl was a "filler" in the heroin mixture. Appellant argues she was improperly convicted of and sentenced upon allied offenses and subjected to double jeopardy. We disagree.

{¶15} First, we note appellant is alleged to have committed these offenses on August 15, 2018. At that time, Ohio's stricter penalties for fentanyl-related drug offenses were not yet in place. The version of R.C. 2925.11, drug possession, in effect on August 15, 2018, stated in pertinent part:

> (A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.
>
> * * * *.
>
> (C) Whoever violates division (A) of this section is guilty of one of the following:
>
> (1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, hashish, and controlled substance analogs, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(1)(b), (c), (d), or (e) of this section, aggravated possession of drugs is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

* * * *.

(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(6)(b), (c), (d), (e), or (f) of this section, possession of heroin is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶16} We therefore dispense with appellant's argument in her fourth assignment of error, because the specific fentanyl violation appellant references [R.C. 2925.11(C)(11)], and argues she should have been charged with, was not yet in effect.

{¶17} Next, we note this case was resolved with pleas of guilty to a violation of R.C. 2925.11(A)(C)(1)(a), possession of fentanyl [Count I] and R.C. 2925.11(A)(C)(6)(a), possession of heroin [Count II]. Resolution by guilty plea means the facts underlying the offenses were not developed in the appellate record. We have only the following comment by the trial court:

* * * *.  They say back on August 15, 2018, you were dropped off at OhioHealth by Devin Bush.  You overdosed and admitted to using heroin, and they found a spoon and syringe in your purse.  They say the spoon had some heroin and fentanyl, a little bit left on it.

T. Change of Plea, 7.

{¶18} The absence of developed facts is significant because appellant's arguments are premised upon an assumption that appellant was charged and convicted based upon her possession of a single mixture containing both heroin and fentanyl.  The drug analysis results are not before us and we have no factual basis to conclude that appellant was convicted upon her possession of a single aggregate compound.

{¶19} We therefore find no support in the record for appellant's third assignment of error that the fentanyl should have been treated as "filler" in a compound or mixture containing heroin.  A "filler" is described as an "adulterant," an inherent part of the usable controlled substance itself.  See, *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 12.  For example, in the case of powder cocaine, potential "fillers" are identified as sugars, local anesthetics (e.g., benzocaine), other drugs, or other inert substances. *Id.* at ¶ 11.

{¶20} Appellant argues, pursuant to *Gonzales,* supra, that the fentanyl should have been treated as a filler of the heroin.  In *State v. Pendleton,* the Second District Court of Appeals addressed the difficulties of treating fentanyl as a "filler" of heroin, observing that the *Gonzales* holding "seems to apply only to cases involving a single controlled substance mixed with inert filler material" and not to a substance as deadly as

fentanyl. *State v. Pendleton*, 2nd Dist. Clark No. 2017-CA-17, 2018-Ohio-3199, ¶ 58, appeal allowed*,* 154 Ohio St.3d 1443, 2018-Ohio-4962, 113 N.E.3d 551, ¶ 58, citing *Gonzales*, supra, 2017-Ohio-777 at ¶ 3. In *Pendleton*, the heroin and fentanyl were mixed together in a single bag; we do not have similar facts in the instant case from which to evaluate whether the fentanyl could reasonably be described as "filler."

{¶21} Moreover, a plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Laury*, 5th Dist. Stark No. 2017CA00138, 2018-Ohio-2944, ¶ 19, citing *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757 (1989). Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *Laury,* supra at ¶ 20, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). The effect of a voluntary, knowing, and intelligent guilty plea is the waiver of any" "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 117, internal citations omitted. As appellee points out, appellant effectually waived her arguments in Counts III and IV upon entering pleas of guilty.

{¶22} Appellant briefly raised the issue of allied offenses at sentencing, albeit at the conclusion of the proceedings, and the trial court found Counts I and II are not allied offenses subject to merger. An allied-offenses claim is consistent with an admission of guilt and therefore is not waived by pleading guilty to offenses that might be allied offenses of similar import. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860,

¶ 19.  We therefore reach the merits of appellant's arguments in her first and second assignments of error, to wit, that she was convicted twice of the same offense and that Counts I and II are allied offenses of similar import.

{¶23} R.C. 2941.25, Ohio's allied-offense statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶24} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct

constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶25} Appellee was required to prove appellant knowingly obtained, possessed, or used fentanyl [Count I] and heroin [Count II], both in amounts less than bulk. It is well-established that "[t]he simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11." *State v. Morgan*, 5th Dist. Richland No. 18CA121, 2019-Ohio-2785, 140 N.E.3d 171, ¶ 18, citing *State v. Delfino*, 22 Ohio St.3d 270, 490 N.E.2d 884 (1986), syllabus. Possession of heroin and aggravated possession of drugs are two separate offenses pursuant to R.C. 2925.11(C)(6) and (C)(1). *State v. Woodard*, 12th Dist. Warren No. CA2016-09-084, 2017-Ohio-6941, ¶ 35. Each possession offense required proof as to the specific drug involved and could not be supported by possession of a different controlled substance. *Id.*

{¶26} Further, appellant acknowledges this Court has found, pursuant to the allied- offense framework set forth in R.C. 2941.25, that the offenses of possession of heroin and possession of fentanyl do not merge. *Morgan*, supra, 2019-Ohio-2785 at ¶ 19. In *Morgan*, we concluded we could see no reason why an individual who chooses to

engage in the use of two Schedule I controlled substances should escape responsibility either simply by mixing one substance into the other. *Id.*, at ¶ 20. Based upon the limited facts before us, we find no reason to depart from our own precedent in the instant case. The trial court did not err in refusing to merge Counts I and II for purposes of sentencing.

{¶27} Finally, for all of the reasons cited supra, we find that appellant was not subject to two punishments for the same offense, such that her constitutional protections against Double Jeopardy were compromised.

{¶28} Appellant's four assignments of error are overruled.

### CONCLUSION

{¶29} Appellant's four assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.